## Hill & Co. vs. Jayne.

The rule, that this Court will not disturb the verdict of the jury, unless there is a total want of evidence to sustain it, (15 Ark 403; 542) approved.

*Appeal from the Circuit Court of Ouachita county.*

The Hon. Abner A. Stith, Circuit Judge.

Watkins & Gallagher for the appellants.

Cummins & Garland for the appellee.

Mr. Justice Hanly delivered the opinion of the Court.

This was assumpsit, brought by the appellee against the appellants, in the Ouachita Circuit Court, to the Fall term, 1855, for so much goods, wares and merchandize sold by the appellee to appellants. Damage laid at $1,500.

At the return term of the writ of summons, the appellants appeared by attorney and filed their two pleas, to wit:

1. Non assumpsit.

2. Tender before suit was commenced of $32 94 cents, which, by their plea, they professed to bring into Court, and denied any further indebtedness. *Similiter* to the *first* plea, and replication to the *second*, traversing the tender therein set up, concluding to the country, and similiter thereto by the appellants.

The issues being thus made up, a trial was had before a jury on these issues, and a verdict was rendered for the appellee for the sum of $193 68 cents, for which amount judgment was rendered by the Court.

No exceptions seem to have been taken by the appellants during the progress of the trial.

After the verdict, as above, had been rendered, and the judgment entered in conformity therewith, the appellants, by attorney, filed their motion for a new trial, on the following grounds.

1. The finding of the jury was contrary to law and the evidence.

2. Because the finding of the jury was contrary to the evidence.

The motion for a new trial was considered and overruled by the Court; for which, the appellants excepted at the time, and prepared and tendered their bill of exceptions, setting out all the evidence given at the trial; which bill of exceptions was signed and sealed by the Court, and admitted of record, and from which we derive the following facts:

It was testified, on the part of the appellee, by *Brown*, that he was , and had been book-keeper for appellee, who was engaged in the drug business, in the city of Philadelphia, for some considerable time—that he knew, of his own knowledge, that the account of the particulars of the appellee's demand against the appellants and filed in the cause, was correct, and that the items therein charged had been furnished them by the appellee, at their instance and request, and that the balance of $346 50 cents, as shown by the account, was still due and owing to the appellee, by the appellants.

*Harper*, a witness for the same party, proved one item in the bill of particulars, amounting to $63 48 cents.

*Matlock*, another witness for appellee, testified that he was agent for appellee, in Camden, and knew that the charges, in the bill of particulars shown him, were in accordance with the usual rates for such articles. He further testified that an item in appellee's bill of particulars, for the further sum of $35 02 cents, was correct, as evidenced by a letter of appellant's agent produced to him, in which this amount was acknowledged, in addition to the amount proved by Harper. He also proved that the order, accompanying the letter for merchandize to the amount of $105, was also in the hand writing of appellant's agent. He also proved a credit paid him on account of appellee, by the appellants, of $146 33 cents, made in December,

1852, which should go as a credit on the account of appellee, exhibited as his bill of particulars. This payment was made by return of merchandize furnished them by appellee and returned by his order. This seems to have been all the evidence offered at the trial on the part of the appellee.

The only testimony offered on the part of the appellants, was that of *Peter Connelly*, who stated that he was book-keeper for appellants, at the time appellee's account against them purports to have accrued, and from thence forward to the time of deposing; that he was cognizant of all the transactions between the parties to the suit, and that appellants were only indebted to appellee, on account of those transactions, in the sum of $32 94 cents, and no more. When asked, on cross-examination, how it was that appellee's account had been reduced to the sum stated by him as the balance due, he stated that " *he supposed it had been done by remittances, as the agents of appellee were required to remit every six months*." He further stated, on cross-examination, that appellee was in the habit of keeping accurate and correct accounts with his agents.

Hill & Co. appealed, and assign for error the overruling of their motion for a new trial.

And this we will proceed to consider.

It is a rule of universal practice and application in this Court, that the decision of the Court below, refusing to grant a new trial, upon the grounds that the verdict is contrary to the evidence and the damages excessive, *will not be disturbed when there is no total want of evidence to sustain any material allegation in the declaration, and the amount of damages, upon all the facts of the case, does not shock one's sense of justice.* See *Pleasants vs. Heard*, 15 *Ark. R.* 403. *Russell vs. Cady, surv. Ib.* 542.

So far from it being the case, in the instance before us, that there was a total want of evidence to sustain the verdict, we think the facts presented manifest very clearly that the verdict is sustained by the *weight of the evidence.*

The jury were certainly justified in finding the amount returned by them, in favor of the appellee. If they had even returned a larger amount of damages than they did, we should

not have felt ourselves authorized, under the uniform practice of this Court, to have disturbed the verdict.

Finding no error in the judgment and proceedings of the Ouachita Circuit Court in this cause, the same is, therefore, in all things affirmed, with damages at 10 per cent. on the amount of the judgment below.