WILLIAM B. LOFTIN v. JOSEPH F. NALLY AND ANOTHER.

In a suit for the cancellation of a deed, from the plaintiffs to the defendant, for
a tract of land, (which the defendant had originally exchanged for another,
with a third party, and through which exchange, the plaintiffs deraigned
their title,) on the ground that the defendant had induced them to convey to
him, by the fraudulent and false representations, that the party from whom
he was to receive a title for the land bargained for in the exchange, possessed
no title, and his deed to him conveyed none ; it was *held*, that the record of a
suit, brought by such third party, against his vendor, to set aside a settle-
ment between them, on the ground of the *invalidity of the title* conveyed,
and which was adjudged accordingly, was admissible in evidence in be-
half of the defendant, as conducing to show want of title in himself, to that
land conveyed to him in exchange ; or at least, to show that the defendant
might have had reason to believe, that his title was worthless.
It is no objection to the competency of a witness, that he is interested as the
warrantor of a title, if the interest be adverse to the party calling him.
A warrantor of a title, the validity of which is not involved, nor to the affected
by the result of the suit, is a competent witness.
To prove the contents of an original deed, a party is not restricted to a compli-
ance with the statutory provisions for the introduction of copies ; he may
elect to pursue either the statutory mode of making the proof, or that of the
common law.

APPEAL from Falls. Tried below before the Hon. John Gregg.

This was a suit brought on the 6th day of March, 1855, by
Joseph F. Nally and Rush Nally, against William B. Loftin, for
the cancellation of a deed made by them to the defendant, for
the south-east quarter of a league of land granted to Mary Prior.

On the 5th day of February, 1850, Loftin, who owned the
south-east quarter, agreed to exchange it with one Thomas T.
Bailey, for the north-west quarter of the same league. At the
request of Bailey, Loftin conveyed the south-east quarter, in pur-
suance of their agreement to exchange, to William Nally, by deed
of same date as their agreement.

The petition alleged, that on the 28th of December, 1854,

William Nally conveyed the said tract of land to the plaintiffs. That thereafter, Loftin applied to them, to make to him a re-conveyance of the said land, alleging that he had failed to secure the title to the north-west quarter of the league, in consequence of the sale of the same, by an agent of Mary Prior, (under whom Bailey claimed the same by deed,) to one Hood, which deed to Hood had been registered, prior to the one he had received from Bailey. And that he also, fraudulently and falsely stated, with the intent to induce the plaintiffs to make such conveyance, that he had not failed to secure the said north-west quarter, in consequence of *laches* or neglect on his part. That he had always looked to William Nally, (the father of the plaintiff,) to save him from loss, in the transaction. That he had never agreed to take others lands from Bailey, in lieu of the said north-west quarter of a league, the title to which had failed as aforesaid, or to accept of any other satisfaction, than a re-conveyance of the said south-east quarter. That the said Bailey had failed and refused to compensate him in any way, and that he was without remedy, except by a re-conveyance. The petitioners further alleged, that Loftin having imposed upon them by such representations, induced them on the 17th of February, 1855, to re-convey the said south-east quarter of a league to him, and that all of the statements and representations of Loftin were false; and alleged that if, in truth, Loftin did lose the north-west quarter, it was in consequence of his own neglect, or that of Bailey; that he had never looked to the said William Nally, for compensation for any loss he might have sustained, in consequence of the failure of title to the said north-west quarter of the league, but on the contrary, had looked to Bailey alone, for compensation; and had actually agreed with him, to accept other lands in lieu of the north-west quarter; and that Bailey had frequently proposed in accordance therewith, to make him title to other lands, and was ready and willing at the time of the making of said re-conveyance, to comply with that agreement.

The defendant answered, denying all the plaintiffs' allegations of fraud, and alleged that he had conveyed the land to

William Nally, without having received any consideration therefor; and that it was made for the purpose of building a town upon the tract, and that Nally agreed to re-convey when requested; yet, afterwards, with a fraudulent design, conveyed the said land to the plaintiffs, without consideration, and to defraud the defendant; and that afterwards the plaintiffs conveyed the land to the defendant, at the request of William Nally; the defendant denied having made any fraudulent representations to procure the said deed, but alleged that it was made freely and voluntarily. And for further answer, he alleged that he has never received either from William Nally, nor Thomas T. Bailey, nor from any one else, any consideration for the land conveyed by him, and re-conveyed by the plaintiffs; that if the said Bailey conveyed to him the north-west quarter of the league, he had no title or deed for the same; or if he had, it was not a good and valid title, and it did not pass to the defendant, any good and valid claim to, or interest in the same, and the said conveyance was fraudulent and void, and that the defendant had never taken any possession, nor has he any right to do so, of the said land; renounced any claim or title under it, and tendered a quit-claim deed for the said land to Bailey.

The plaintiff introduced the deposition of Bailey, and proved the exchange of the lands as alleged in the petition; the conveyance by Loftin to Nally, of the south-east quarter; his conveyance to the plaintiffs, and their re-conveyance to the defendant; that at the date of the conveyance by Loftin, Bailey conveyed the other quarter of a league to Loftin, with a general warranty; and that one half of the north-west quarter of the league had been conveyed by Mary Prior to Hood. Also, that Loftin agreed to take other lands from Bailey, in lieu of the north-west quarter; that he looked to him, (the witness,) for payment for the land; and had no claim within his knowledge upon either of the plaintiffs or William Nally, for payment for the land. That he (Bailey) always considered himself bound to make good the title to Loftin, or convey other lands in lieu thereof, as had been

agreed on, and had always been ready and able to comply, and proposed to do so the day previous to the date of the conveyance from the plaintiffs to him, which was made on the 17th of February, 1855, and without consideration, so far as witness knew; that at the time of the conveyance to him, (Loftin,) from the plaintiffs, he made the representations to them as alleged in the petition, denying any agreement with the witness to take other lands; that he had always looked to William Nally for compensation; that the title to the whole of the north-west quarter of a league from the witness, (Bailey) had failed, which representations induced the plaintiffs to make the said re-conveyance. There was other testimony tending to prove the same facts; and that the plaintiffs were induced to convey, by the solicitations of the defendant and of their father, and the advice of their friend, Whitaker.

The plaintiffs also read in evidence the deed from Mary Prior to Catherine Bailey, made in 1843, for an undivided half of the league, giving to the latter the choice of the tract, so as to commence on the river at either of the corners, and run with the meanders of the river back, so as to include one-half league. The said Catherine conveyed the same to Thomas T. Bailey in 1847.

Bailey stated that he held Mary Prior's title to one-half of the said league, covering the said south-east quarter, and had agreed with Loftin to convey to him the north-west quarter of the league, which was embraced in the said deed, (from Mary Prior,) provided he (Loftin) would make to the said William Nally, a deed to the south-east quarter. Under the deed from Mary Prior, he stated, that he had the privilege of running the line so as to include the north-west quarter instead of the southeast, and in accordance with his understanding with Loftin, he changed his survey, upon the making of the title to William Nally by Loftin; and he then executed to the defendant a deed to the north-west quarter.

The plaintiffs offered and read in evidence, a copy of a deed from Mary Prior to Hood and Steel, dated 10th of May, 1837,

recorded in the county clerk's office, with the testimony of the county clerk that no certificate of the proof for registry was of record.   The deed purported to convey one-half of the north-west quarter of the league.

The plaintiffs introduced in evidence a deed from the said Mary Prior to W. B. Loftin, dated the 8th day of July, 1835, recorded in 1838, for one-half of the said league of land, commencing on the west bank of the Brasos, on the south-east corner of the league, No. 4; thence down the river, meandering the same, N. 60° E., 180 varas; S. 30° E., 700 varas; N. 60° E., 130 varas; S. 30° E., 1330 varas; N. 30° E., 1370 varas; S. 30° E., 420 varas, to a stake, from which a cottonwood, 3 inches in diameter, bears S. 82° E., 6 varas, and one 6 inches in diameter, S. 7° W., $8\frac{1}{2}$ varas; thence S. 60° W., $5556\frac{1}{2}$ varas, to a stake on the line of said league, No. 5; thence N. 30° W., 2500 varas, to a stake on the lower line of league No. 4; thence with said line to the place of beginning.

The defendant offered to read a transcript of the record of a suit brought by Thomas T. Bailey against Mary Franks, (formerly Mary Prior,) and her husband, in 1854, for the purpose of cancelling and annulling a settlement made between them, of a debt due from the said Mary to the said Bailey, for $1222; the terms of which were, that the said Mary conveyed to Bailey's wife, at his request, on the 8th day of August, 1843, the one-half of the aforesaid league of land, in satisfaction of his aforesaid claim against her.   The petition in that suit alleged, that the said transfer was fraudulent, in this, that previously thereto, she had transferred the said land to W. B. Loftin, in the year 1837; that the deed had been duly recorded; and that she had represented the land as belonging to her, when in fact it did not.   The petition prayed for a judgment against the said Franks and wife for the debt, and for an attachment. The transcript contained also the judgment in favor of the plaintiff therein, for $2013.33, and a decree for the sale of $553\frac{1}{2}$ acres of the said league, attached in that suit, to satisfy his debt, rendered on the 9th day of April, 1856.   The defendant also

37

offered in evidence a deed made by the sheriff to Samuel D. Barclay, the purchaser, at a sale, by virtue of an execution on that judgment, of a part of the league, containing 553½ acres, described as, beginning on the north boundary line of said league at the north-west corner of W. B. Loftin's survey, thence S. 60° W., to J. L. Hood and Steel's north-east corner; thence S. 30° E., with their east line to their south-east corner; thence N. 60° to W. B. Loftin's west line; thence N. 30° W., with his east line, to the place of beginning.

To the introduction of the record and of the said deed, (the execution of which was duly proved,) the plaintiffs objected, the objection was sustained, and they were excluded.

William Nally was offered as a witness on the part of the plaintiffs; the defendant objected to his competency, because upon examination on his *voire dire* touching his interest, he stated that the plaintiffs had paid him for the land in suit in money and labor; that he had executed to them a general warranty deed, and had persuaded the plaintiffs to re-convey to the defendant. The objection was overruled, and the witness admitted to testify.

The defendant, on the trial, objected to the reading, by the plaintiffs, of the deposition of Thomas T. Bailey, because he was interested in the result of the suit, it appearing that the said Bailey had received from William Nally the sum of $2014, as a consideration for the deed made by Loftin to the witness. The objection was overruled, and the deposition admitted in evidence.

The plaintiffs offered in evidence copies of a deed from Mary Franks, formerly Mary Prior, to Catherine J. Bailey, the wife of Thomas T. Bailey, dated 8th of August, 1843; of a deed from the the said Catherine to the said Thomas, dated 1st of January, 1847; and of a deed from the plaintiffs to the defendant, dated the 17th February, 1855. The plaintiffs, by their attorney, had filed, on the 17th of March, 1857, a notice to the defendant to produce on the trial the originals of these deeds, and also an affidavit that the said attorney had applied to the said Thomas T. Bailey for the two first-named deeds, and was unable to procure them, and that the

said Bailey stated to him that he had not possession of either of them. The defendant objected to the introduction of the copies of the two first-named deeds, because proof of the contents of the originals was not admissible by copies, notice having been given to the defendant, to produce the originals on the first day of the trial; because the said deeds were not filed, and the legal notice thereof was not given of the filing as required by the statute; and because the defendant was not the proper custodian of the original deeds. And he also objected to the introduction of the copy of the last described deed, for the two first causes above assigned, and for the additional reason, that the subscribing witness thereto, was present in court. The objections were over-ruled, and the copies were read in evidence.

There was a verdict for the plaintiffs, and judgment accordingly, cancelling the said deed of conveyance to the defendant from the plaintiffs, and re-investing the plaintiffs with the title to the said south-east quarter of the said league.

The trial of the case commenced on the 20th March, 1857. The defendant filed a motion for a new trial, which was over-ruled, and among other grounds assigned for error, the said rulings of the court in excluding the testimony offered by himself; in admitting the said copies of the deeds; and in admitting the witnesses, William Nally and Thomas T. Bailey, to testify in behalf of the plaintiffs.

*Craik*, for the appellant.—It is urged that the court erred in allowing copies of several deeds to be read by the appellees, without filing and notice.

There is no statute authorizing the reading of a copy of any instrument, unless the same has been filed for three days, and notice given, &c. The law does not permit attorneys to retain copies of instruments in their pockets, and then take their opponents by surprise, by giving them in evidence. Even if the defendant had been the custodian of the deed, under the statute, the appellant should have filed the copy and given notice. The only ground upon which the copies could have been read, must

have been, that the appellant was the custodian of the original. "In order to admit secondary evidence, there must be not only notice to produce the original, but proof to show that the original existed, and is in the possession or control of the party required to produce it.  Additional proof, too, to the fact, that in the regular course of business, it ought to be in his possession." (1 Greenleaf, Ev. § 560, note, &c.; Starkie, Ev., part 2, 358.)

In this case, there was not the slightest proof offered that the deeds were in the possession or control of the defendants; and the law will not presume that the deed to a larger tract of land is in the possession of a second vendee of one-fourth of the larger tract; but even if he was proved to be the custodian of the deeds, and secondary evidences were admissible, in order to make a copy of the record even secondary evidence, it must have been filed three days, &c.

*B. M. Prendergast,* for the appellees.—For the appellees it is respectfully insisted, that the court did not err in the admission of the copies of deeds, objected to by the appellant. Bailey and Loftin were alone interested in the land embraced in the deeds, and one or the other should have had custody of the papers.  Bailey was applied to for them, and they could not be obtained from him.  An affidavit of this fact was filed amongst the papers.  Notice to produce was properly given to Loftin. Notice was given on the 17th, and the trial commenced on the 20th of the same month.  If it had been considered too late, this should have been made a ground for an application for a continuance.  This was not done.

"The fact of the existence and the contents of the deed, are matters to be tried by the jury.  The loss of it must be made out as a pre-requisite, to the satisfaction of the court."  (16 Johns. Rep. 197.)  The fact of loss, or inability to produce, is the only preliminary enquiry to be addressed to the court.  (Page v. Page, 15 Pick. 368, and case above cited.)  To authorize the introduction of a copy, or proof of the contents of a written instru-

ment, it is only necessary to show, that search has been made where it should probably be found. A reasonable presumption of loss is all that is required. (Jackson v. Betts, 9 Cowen, 208; Jackson v. Frier, 16 Johns. Rep. 197.)

The authorities cited by the appellant, refer to lost instruments, where copies of records cannot be obtained. It is submitted, that a different rule applies where the instruments proposed to be used in evidence have been, as in this case, properly recorded under the registry acts, and a copy of the record is offered in evidence. The language of our act, (Hart. Dig., Art. 745,) only requires, as a preliminary to the introduction of the evidence, an affidavit to be filed by the party, amongst the papers of the suit, "*that he cannot procure the original.*" When this is done, the copy is to "be admitted in like manner as the original could be." By the term "*in like manner*" it is submitted, is meant, that it is to be admitted without proof of the execution.

WHEELER, C. J.—We are of opinion that there was error in excluding the record from the District Court of Washington county. It was admissible, as conducing to show want of title in the defendant, to the land conveyed to him in exchange for that in question; or, at least, to show that the defendant may have had reason to believe that his title was worthless. It was calculated to reflect some light on the transaction which originated this controversy, and might be regarded by the jury as, in some degree, explanatory of the conduct and representations of the defendant, which are the subject of complaint. It might have had some influence with the jury, in deciding upon the conclusion which they should deduce from the testimony of the witness, Baily. It would be difficult to affirm that it was not entitled to any legitimate influence, in connexion with the other evidence in the case, upon the question of false and fraudulent representations submitted for the decision of the jury. The weight to which it was entitled, was for them to consider. It is not for us to say, what influence it ought to have upon their

minds; but we think it was proper to be submitted for their consideration, in connexion with the other evidence in the case.

The objection to the deposition of Baily was properly overruled. If interested, his interest was adverse to the party calling him, and, therefore, not a disqualifying interest.

We think the court rightly overruled the objection to the competency of the witness, Nally. The validity of the title he had made, was not in question; nor does it appear that he had any interest in the event of the suit, of a character to render him incompetent.

The proof of the several deeds, produced in evidence, was not made in conformity to the statute. But the plaintiff did not propose to pursue the statutory mode of making the proof, but adopted the common law mode. The objections seem to have been, not that the execution of the deeds was not sufficiently proved, nor that the copies produced were not proved to be copies, but only that the statutory mode of making the proof had not been observed. The plaintiff had his election to adopt either mode of proof. The admissibility of the evidence, considered in reference to the objections, however, is not free from doubt; and as all ground of objection may be removed upon another trial, it is not necessary to decide whether the evidence was rightly admitted. The judgment is reversed and the cause remanded.

Reversed and remanded.