## DICKERSON VS. JOHNSON.

Where there is no total lack of evidence, the verdict, though apparently against the weight of evidence, will not for that reason be set aside.

The vendor of personal property, though incompetent as a witness for the vendee, where the title is involved, as held in *Lindsay vs. Lamb*, is a competent witness for a party contesting the title of his vendee.

Witnesses are not, as a general rule, to draw conclusions from a given state of facts, and to give such conclusions in evidence—they must state only facts.

Where a sale of the plaintiff's property has been made by another, without his consent and against his remonstrance, his silence during a subsequent conversation in his presence, in relation to such sale, raised no presumption of an affirmance of the sale by the plaintiff.

Instructions should never be given unless there is evidence to support them—nor upon trifling and indefinite statements irrelevant to the question at issue.

*Appeal from Washington Circuit Court.*

Hon. ELIAS HARRELL, Circuit Judge.

WALKER, for the appellant.

A witness, whether interested or not, testifying against his interest is competent. *Brown vs. Burke*, 22 *Georgia*, 574; *Loflin vs. Nally*, 24 *Texas*, 565 ; *McCanon vs. Cassidy* 18 *Ark.*, 48. When the witness is equally liable, he is competent, *Caldwell vs. Meek*, 17 *Ill.*, 220; 6 *McLean*, 463 ; 1 *Greenleaf*, *p.* 536, *sec.* 391.

The testimony as to the conversation occurring after the sale was clearly incompetent. There was nothing tending to show a ratification of the sale by the plaintiff. Her silence cannot operate as an estoppel; nor was there any thing to base the instruction upon as to the ratification of the sale.

GREGG for the appellee.

We submit that the witness was liable on her implied warranty ; and if the property belonged to the plaintiff the witness was directly liable to her, and hence directly interested in the

result of the suit. *Lindsey vs. Lamb*, decided at the present term of this court.

The subsequent conversation in respect to the sale, in the presence of the plaintiff, and the fact that she seemed satisfied with the sale, were circumstances proper to go to the jury, from which they might infer her ratification and assent to the sale.

Mr. Justice WALKER delivered the opinion of the court.

The appellant, Annette Dickerson, brought her action of replevin against Benjamin F. Johnson for a horse. The general issue was pleaded, upon which a trial was had, and a verdict and judgment rendered for the defendant; from which the appellant has appealed to this court.

During the progress of the trial, several exceptions were taken to the decision of the court by the appellant, which were set forth in her motion as grounds for a new trial, and upon exception to the decision of the court, in refusing to grant a new trial, were, with all of the evidence, made part of the records in the case.

The grounds set forth in the motion for a new trial were:

1st. Because the jury found contrary to evidence.

2d. Because the jury found contrary to the instructions of the court.

3d. Because the court erred in refusing to permit Rachel Dickerson, the vendor of the defendant, to testify in the cause in behalf of the plaintiff.

4th. Because the court erred in permitting witness Hulbert to testify before the jury as to what Rachel Dickerson said respecting the sale of the horse to defendant.

5th. Because the court erred in instructing the jury that if they believed from the proof that after the purchase of the horse from Rachel Dickerson, the plaintiff ratified the sale, they should find for the defendant.

After a careful examination of the evidence we do not think that the first ground for a new trial was well taken. There was much conflicting evidence given to the jury, whose province

it was to weigh it, and to determine what verdict should be rendered. Both the court and the jury who heard the evidence, and who had an opportunity to test the credit to be given to the witnesses who deposed before them, from the manner when deposing, as well as what they said, are more competent to decide correctly than we would likely be. There was no total lack of evidence: and the verdict, though apparently against the weight of evidence, will not for that cause, be set aside. It is not necessary that we should notice the second ground for a new trial, because it will be, in effect, decided in the decision of the third, fourth and fifth grounds for a new trial. The third and fourth relate to the decision of the court below, in excluding certain evidence, and admitting other evidence, over the objections of the plaintiff, the most important of which is, the refusal of the court to permit the witness Rachel Dickerson to testify.

The counsel for the plaintiff in the court below have made an unusually long statement of the facts, which they offer to prove by the witness. For all legal purposes, it may suffice to say, that they offered to prove by this witness that the horse in litigation was, at the time of the alleged taking and conversion, the property of the plaintiff; that the horse was taken and converted by the defendant against the will of the plaintiff; that she, the witness, sold the horse to the defendant against the will or consent of the plaintiff, and also against her own free will, under the influence of the threats of the defendant, who was a federal soldier stationed at Fayetteville, some eight or nine miles from her residence, believing, as she did, that if she did not sell him, he would be taken from her daughter by force. This evidence was of itself, in the absence of all other evidence, sufficient to entitle the plaintiff to recover. But whether so or not, it was material and competent evidence.

It is insisted by the counsel for the appellee, that this witness was incompetent on account of her interest as the vendor of the horse to the defendant: and the case of *Lindsey vs. Lamb*, de-

cided at the present term, is cited in support of this position. In this, counsel are mistaken in the relative position of the parties. In that case, the vendor was called as a witness to sustain the title of his vendee; his sale carried with it an implied warranty of title, which the witness was interested in sustaining, because he would have been responsible over to his vendee for the consideration received by him for the property, in case a recovery of it should be had against his vendee. But in the case before us, it is just the reverse. Rachel Dickerson was not called to testify in favor of Johnson, her vendee, whose title she was interested in sustaining, but by the plaintiff, whom witness was interested in preventing from recovering the property; because, if Johnson should lose the property (unless under the circumstances of the case and the facts communicated to Johnson at the time of the sale, she should relieve herself from the implied warranty of title) she would be responsible to him for the money paid for the horse. Her interest, therefore, was adverse to that of the plaintiff, who called her to testify, and when such is the case the witness is competent to testify.

In the case of *Buck vs. Brown*, 22 *Geo. Rep.*, 574, Francis D. Kea, who had sold the land to Brown, the title to which was in controversy, was called by Buck as a witness, and gave evidence on his behalf. The defendant moved for a new trial, because the court erred in admitting the testimony of Kea, a witness interested in the suit. Under this state of case the court said: "The first ground is, that the court erred in admitting the testimony of Francis Kea as a witness interested in the event of the suit. He gave evidence against his interest and was therefore competent."

The supreme court of Texas, in the case of *Loflin vs. Nally*, 24 *Texas Rep.* 565, said: "The objection to the witness Bailey was properly overruled. If interested, his interest was adverse to the party calling him, and therefore not a disqualifying interest." And such too has been the decision of our own court, in the case of *McCarron vs. Cassidy* 18 *Ark. Rep.* 48.

Rachel Dickerson was, therefore, a competent witness, and the court erred in excluding her evidence from the jury.

The fourth objection is, that the court permitted the witness Helbert to depose and give evidence of what Rachel Dickerson said after the sale of the horse by her respecting the sale.

The counsel for appellee assume that the statement made by Rachel Dickerson to Helbert is evidence, not of what the sale was, but as conducing to prove a subsequent affirmance of the sale by the plaintiff, who, it appears, was present when the conversation between Rachel Dickerson and Helbert took place. We will not say that if the statements made by Rachel Dickerson had been, in terms, affirmed and adopted by the plaintiff as her own, that such statements might not have been repeated by the witness, not as the declarations of a third person, but as, in effect, the language of the plaintiff. There was no evidence whatever that the plaintiff either assented to, or approved what Rachel Dickerson said. There was but a single sentence of the evidence of Helbert, that made any reference to such assent, and that was: That "they (meaning Rachel and the plaintiff) seemed to be very well satisfied with the trade." This was not evidence, but a mere opinion of the witness. Witnesses are not, as a general rule, to draw conclusions from a given state of facts, and to give such conclusions in evidence. In this, they would usurp the province of the jury. He must state facts, and leave the jury to determine upon the facts, not upon his opinion of them. That the plaintiff remained silent during the conversation raised no presumption of an affirmance of the previous contract made by Rachel Dickerson. The sale had then been made, and as appears from the evidence, without her consent, and by more than one witness, against her earnest remonstrance. Under such circumstances she compromised no right whatever, by remaining silent. It was, therefore, error to have received Helbert's evidence. But, then, if Helbert was permitted to give evidence as to what Rachel Dickerson said to him after the sale, most clearly it was competent to call Rachel Dickerson for the pur-

pose of contradicting his evidence, even though she might have been incompetent as a witness upon examination in chief.

To the first instruction given there can be no well founded objection. The second instruction was predicated upon Helbert's evidence, which we have seen was inadmissible. But even if held otherwise, it was a circumstance too trifling in itself and too indefinite, upon which to base such an instruction. Instructions should never be given, unless there is evidence to support them.

For these errors the judgment of the circuit court must be reversed and the cause remanded that a new trial may be had.