## JABINE & WOODRUFF *v.* MIDGETT.

FERRIES. Ferrymen must use due diligence, and provide suitable means of transportation.

Ferrymen must give due attendance on passengers, on *all* occasions, which includes high and low water.

The public grant the exclusive privileges of ferrying upon the consideration that the traveling public shall be crossed at all reasonable hours, *without* unnecessary *delay*.

APPEAL FROM VERDICT. A verdict will not be disturbed by this court if there was any evidence upon which to sustain it.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN WHYTOCK, Circuit Judge.

DODGE & FARR, for appellants.

J. M. HARRELL, for appellee.

McCLURE, J.

It appears from the record that the appellants were the own-

ers and keepers of a ferry, at the city of Little Rock, and that Midgett, on the 6th day of December, 1866, applied to the persons in charge of said ferry, to be taken across the Arkansas river. It further appears that they did not cross said Midgett until fourteen hours after he made application.

Midgett brought suit against the appellants, under the provisions of section 22, chapter 70, of Gould's Digest, before a justice of the peace, alleging that he had been detained, without reasonable cause, for the space of fourteen hours.

This cause was submitted to the court, sitting as a jury, and judgment was rendered against the appellants for $56, from which judgment they appealed to the Pulaski circuit court. At the hearing in the circuit court the cause was submitted to a jury, and they found for Midgett, in the sum of $56. The appellants made a motion for a new trial, on the following grounds:

1. Because the verdict was contrary to the evidence.

2. That the verdict was contrary to law and the instructions of the court.

The motion for a new trial was overruled, and the appellants appealed to this court.

Whether the verdict was contrary to the instructions of the court we are not able to determine, as the bill of exceptions fails to disclose what instructions were given to the jury. This being true, we will no longer consider the second ground for a new trial.

The remaining question presented for our consideration is, whether the verdict is contrary to the evidence. It has been the uniform practice of this court not to disturb the verdict of a jury if there was any evidence upon which their verdict could be sustained. The bill of exceptions presents no evidence that would warrant us in setting the verdict aside.

The counsel for the appellants urge that ferrymen are of a class known to the law as common carriers, and excusable in a time of high waters, it being the act of God.

The common carrier must use due diligence, and provide

suitable means of transportation. A jury, after hearing the evidence upon this very question, have decided that due diligence was not exercised; that Midgett was unnecessarily detained. The public grants the exclusive privilege of ferrying for a consideration; that consideration is, that the public, or traveling community, shall be crossed at all reasonable hours, without unnecessary delay.

The law says that all ferrymen shall keep a good boat or boats, if more than one be necessary, in good repair, suitable for the stream they are to ferry over, and give due attendance on passengers, on *all* occasions.

"On *all* occasions," is certainly comprehensive enough to include high and low water. There was not a single word of evidence showing wherein the ferry-boat, employed at the landing or ferry, was disabled by any unforeseen or untoward event; but, on the other hand, it is distinctly proven that there was a ferry-boat at the landing belonging to the ferry. The law establishes ferries for the public good and convenience, and not for the individual profit of the keeper; and he who accepts this trust must provide himself with proper boats to accommodate the public at all stages of water, or suffer the consequence of his neglect.

Judgment affirmed.