## REDMAN VS. THE STATE.

NEW TRIAL: *Newly discovered evidence.*
  Newly discovered evidence that goes only to impeach the credit
    of a witness is no ground for a new trial.

ERROR to *White* Circuit Court.

· HON. M. T. SANDERS, Circuit Judge.

*C. B. Moore, Att'y Gen'l*, for the State.

There are no exceptions to the instructions, and the
only grounds set up in the motion for a new trial are
that appellant was surprised at the testimony of Watson.
Newly discovered evidence that only goes to the im-
peachment of a witness is no ground for new trial. 36
*Ark.*, 260; 38 *Ark.*, 509.

ENGLISH, C. J. The indictment charged that Dan
Redman on the 1st day of March, 1882, in the county of
White, did sell ardent spirits in less quantities than one
quart, to-wit: One gill of whiskey to one W. W. Wat-
son, without first having procured a license from the
County Court of White County, authorizing him to sell
ardent spirits in such quantities.

Defendant pleaded not guilty, and the case was sub-
mitted to a jury.

· W. W. Watson, witness for the State, testified in sub-
stance, that he was a drinking man, and frequently in-
toxicated when he could get whiskey. That defendant
was engaged in selling whiskey at Bradford, in White
county, in the year 1881, and he frequently purchased
whiskey from him by the quart. · That he bought two
bottles of whiskey from defendant about the 1st of
March, 1882, put them in his saddle bags, and left them
at defendant's house until next day. Did not pay him the
whole price of the two bottles, but owed him a balance

on them. After he purchased the whiskey he frequently drank in the house, but could not say whether it was his own whiskey he drank or not. He remembered that on one occasion he called for whiskey, and defendant handed him a bottle of whiskey at the counter, out of which witness and a friend drank, both pouring out of the bottle into glass tumblers, and drinking, and at that time witness paid defendant twenty cents, which he thought was for the drinks.

On cross examination he stated that it might have been that the whiskey which his friend and he drank was his own whiskey, out of one of the bottles which he had purchased, and left in the house with defendant, and the twenty cents which he paid defendant might have been a payment on the bottles of whiskey, and not for the two drinks taken by his friend and himself, but at the time he thought he was paying the twenty cents for the drinks, but was not certain of this.

Witness was asked by the defendant if he had not, on the morning of the day of the trial, stated to Louis Mc-Kinnon, in the town of Searcy, that he had never purchased whiskey by the drink of defendant, that all the whiskey which he drank in the house of defendant was out of a quart bottle which he had purchased of defendant; and that the twenty cents which he paid defendant was intended as a payment for the two bottles of whiskey which he had previously purchased of defendant.

To which witness answered that he did not remember whether he made such a statement to Louis McKinnon.

Louis McKinnon was then called, and testified that Watson had made such statements to him.

No exception was taken to the charge of the Court to the jury.

Defendant was found guilty and fined $200, a new trial was refused him, and he took a bill of exceptions and brought error.

I. There was some evidence to sustain the verdict, and it was the province of the jury to weigh it, and judge of the credibility of the witness Watson.

It was admitted on the trial that plaintiff in error had license to sell whiskey in quantities not less than one quart, but no license to sell in smaller quantities.

When Watson, accompanied by his friend, called for whiskey at the counter, it is not probable that plaintiff in error went to the saddle bags of his customer, took out one of the bottles which he had sold him, placed it on the counter to supply them with drams, and received twenty cents for the two drinks as a payment on a debt. The jury could not credit such version of the transaction.

II. Plaintiff in error asked a new trial, not only on the ground that the verdict was not warranted by the evidence, but that he was surprised by the testimony of Watson, and that he could prove on another trial, by persons named, that he had made contradictory statements, and by other witnesses named that his general character for truth and veracity was bad, and he supported his motion by affidavits of the persons mentioned.

This Court has repeatedly decided that newly discovered evidence, that goes only to impeach the credit of a witness, is not sufficient ground for a new trial. *Campbell v. State*, 38 *Ark.*, 509; and cases cited, *Nick Walker v. State*, 39 *Ark.*, 221.

Affirmed.