Holt v. State.

HOLT v. STATE.

1.  INDICTMENT: *Form of.*
    It is not necessary that an indictment should state that it was presented by the grand jury "in the name and by the authority of the state."

2.  CRIMINAL PRACTICE: *Desired instructions must be asked for.*
    If either party desires other instructions than those given by the court, he must ask for them. If he remains silent, he cannot afterwards complain of the mere omission of the court to give what was not asked.

3.  PRACTICE OF SUPREME COURT: *Verdict on conflicting evidence.*
    When the evidence is conflicting, the verdict of the jury is conclusive in this court.

4.  NEW TRIAL: *New evidence to impeach witness.*
    Newly discovered evidence going only to the impeachment of a witness, is not ground for a new trial.

APPEAL from *Washington* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

*B. R. Davidson* for Appellant.

The verdict in this case is so palpably against the evidence, as "*to shock one's sense of justice.*" *34 Ark., 639.* It is *wholly* unsupported by the evidence.

It was the duty of the court to instruct the jury properly, even though no instructions had been asked by the defendant. *Const., Art. 7, sec. 23; 22 Iowa, 270; 25 Id., 572; 58 Cal., 245; Instructions to Juries (Sackett), p. 13, sec. 4; 37 Ark., 338.*

The indictment fails to charge the crime "in the name and by the authority of the state," as required by law. *Mansf. Dig., sec. 2122.*

*Dan W. Jones,* Attorney General, for Appellee.

The appellant was indicted for assault with a deadly weapon, and convicted. It is admitted by the appellant that there was evidence both for and against him.

The bill of exceptions fails to show what instructions were given, and no exception to instructions was reserved.

One of the grounds of the motion for new trial was surprise at the evidence of Brantley, a witness for the state, who had not been subpœnaed, and for newly discovered evidence to impeach him. So far as Brantley's evidence was concerned, it was only cumulative of other evidence by the state, and was in regard to the main issue. The appellant could not, therefore, have been greatly surprised and unprepared to meet the testimony.

Newly discovered evidence going to impeach a witness is no ground for a new trial. *Minkwitz v. Stein, 36 Ark., 260.* This court will not interfere to decide upon the weight of evidence.

There was a motion in arrest because the caption to the indictment did not say " in the name and by the authority," etc. This was not material. *Greeson v. State, 5 How., Miss., 33.*

BATTLE, J. Sam Holt was indicted in the Washington circuit court for assaulting Ol. Cowger, with a deadly weapon, with intent to inflict upon his person a bodily injury, when no considerable provocation appeared, and was convicted. He filed motions for new trial and in arrest of judgment, which were overruled, and he saved exceptions and appealed.

The commencement of the indictment is as follows : " The grand jury of Washington county accuse Charley Washington, John Washington and Sam Holt, of the crime of an assault with a deadly weapon, committed as follows." Appellant insists that this commencement is insufficient and the indictment is fatally defective, because it is not stated, in the

1. INDICT-
MENT: Form
of.

commencement, that the grand jury accused the defendants therein named of the crime charged "*in the name and by the authority of the State of Arkansas.*" This is not required or necessary. There is no particular form of indictment prescribed by the statute of this state, which is required to be strictly followed. The constitution of this state says, it shall conclude: "Against the peace and dignity of the State of Arkansas." Further than this no particular form of words is required to be used. The statute says: The indictment *must contain:* "First, The title of the prosecution, specifying the name of the court in which the indictment is presented, and the names of the parties. Second, A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what it intended." That it must *be direct and certain* as regards: "First, The party charged. Second, The offense charged. Third, The county in which the offense was committed. Fourth, The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." And that it is *sufficient* if it can be understood therefrom: "First, That it was found by a grand jury of a county impaneled in a court having authority to receive it, though the name of the court is not accurately stated. Second, That the offense was committed within the jurisdiction of the court, and at some time prior to the time of finding the indictment. Third, That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." *Mansfield's Digest, secs. 2121, 2105–6.*

2. Desired instructions must be asked for.    One ground of appellant's motion for a new trial is, the court did not properly instruct the jury. It appears from the bill of exceptions in this case that the court gave the jury instructions which are not copied in the transcript. To those given and copied in the transcript, no exceptions were taken,

and no objections are urged against them here. "It is the province of the court to give in charge to the jury such principles of the law as it may deem applicable to the case." If the defendant or plaintiff desires other instructions, he may ask them, but if he fails to do so and remains voluntarily silent, he cannot complain. *Carroll v. State, 45 Ark., 539.*

It is urged here that the verdict of the jury was contrary to the evidence. The testimony of the witnesses was conflicting and contradictory. It was the province of the jury to determine which of them was entitled to credit, and to find accordingly. This court will not review the evidence for the purpose of passing upon the correctness of their conclusion. There was sufficient evidence to sustain the verdict here. *Main v. State, 13 Ark., 285.*

3. Conclusiveness of verdict.

Appellant asked for a new trial because he discovered evidence in his favor since the verdict. The evidence is, that one of the state's witnesses was not present when the assault charged was made. This evidence would only have gone to impeach the credit of the witness said to be absent at the time of the assault. The rule is well settled that such evidence is not a sufficient ground for a new trial.

4. NEW TRIAL: New evidence to impeach witness.