LOWRY v. MT. ADAMS & EDEN PARK INCLINE PLANE RY. CO.

(Circuit Court, S. D. Ohio, W. D.  June 3, 1895.)

No. 4,782.

1. DAMAGES—PERSONAL INJURIES.
    A verdict of $7,500 for personal injuries causing great suffering, and resulting in permanent disability, of a man who had previously been earning $300 a month, is not excessive.

2. CHARGING JURY—COMMENT ON FACTS.
    The fact that a judge, in charging the jury, has failed to refer to certain facts which would have borne in favor of the defeated party, is not ground for a new trial, when the jury has been told that all issues of fact were to be determined by them, on the testimony, and that the comments of the court were for the purpose of illustration only.

3. PRACTICE—MOTION FOR NEW TRIAL.
    Rules of procedure upon motions for new trials, contained in state statutes, do not apply in the federal courts upon such motions, which must be determined according to the course of the common law.

4. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    Newly-discovered evidence which is merely cumulative or merely contradictory of other evidence is not ground for a new trial.

This was an action for personal injuries by Joseph A. Lowry against the Mt. Adams & Eden Park Incline Plane Railway Com-

pany. Upon the trial the jury gave a verdict for the plaintiff for $7,500. The defendants moved for a new trial. Denied.

C. W. Baker, for plaintiff.

Ramsey, Maxwell & Ramsey, for defendant.

SAGE, District Judge. It is claimed that the verdict, which was for $7,500, is excessive. The testimony is that the plaintiff was earning $300 a month. He was under the charge of a physician for several months. The left thigh was terribly torn and lacerated by the iron head of the tongue of the wagon which which the car came in collision. The wound was from five to seven inches long, ragged and exceedingly painful. The parts would not reunite until finally skin grafting was resorted to. According to the testimony, some 500 patches were made before the wound was completely healed. The testimony of the surgeons who were in charge was that the plaintiff was crippled, and would continue to be so during life. The power of extending and retracting the limb was seriously impaired, and the surgeon testified that he was as nearly restored at the time of the trial as he ever would be. In Railway Co. v. Brown, 6 C. C. A. 142, 56 Fed. 804, the court of appeals of the Seventh circuit held that $7,500 was not excessive damages for so injuring a railroad laborer that he became paralytic. In Southern Pac. Co. v. Rauh, 1 C. C. A. 416, 49 Fed. 696, a verdict for $10,000 was sustained upon the testimony of the attending physician, corroborated by that of another medical expert, that the plaintiff could not regain his health, although physicians called by defendant testified that plaintiff ought to recover soon. In Shumacher v. Railroad Co., 39 Fed. 174, the jury awarded $8,000 damages. Judge Parker, in his opinion, said that he was at one time inclined to regard the damages as excessive, but he sustained the verdict, holding that before a court could interfere on that ground the damages must be so excessive and disproportionate as to warrant the inference that the jury was swayed by prejudice, preference, partiality, passion, or corruption. In Osborne v. City of Detroit, 32 Fed. 36, the plaintiff suffered a complete paralysis of the right side, resulting from injuries occasioned by a defective sidewalk. Judge Brown upheld a verdict of $10,000. I do not feel at liberty to set aside the verdict of the jury in this case upon the ground that it is excessive, nor do I think it my duty to order a remittitur.

It is also urged that the charge tended to mislead the jury. It is not claimed that there was any misstatement of law, but that the court failed to refer, in its comments upon the facts of the case, to certain particulars which would have borne in favor of the defendant. The jury were told that all issues of fact were to be determined by them upon the testimony, and that whatever comments the court made were for the purpose of illustrating the statements of law, and were not to control the jury in any degree, with reference to their findings. The charge was altogether oral. No exception was taken to the refusal of the court to direct a verdict in favor of the defendant, and to the refusal of the court to give

one special charge as asked, and to the giving of it with qualifications. In the federal courts, exceptions, to be valid, must be taken at the time of the trial. They cannot be regarded if taken subsequently. Counsel referred in argument to the rules of procedure upon motions for new trial contained in the Ohio Civil Code. The Code does not apply with reference to motions for new trial. They must be according to the course of the common law. See seventh amendment of the constitution of the United States; Railroad Co. v. Horst, 93 U. S. 291; Newcomb v. Wood, 97 U. S. 581; Petition of Chateaugay Ore & Iron Co., 128 U. S. 554, 9 Sup. Ct. 150; Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8.

Upon the hearing of the motion, counsel urged upon the court that on a new trial facts favorable to the defendant might be brought out more clearly; that an exact statement of the location of the barricade, and its distance from the track, and of the distance between the tracks, could be presented, from which it would appear that the defendant was not guilty of negligence. All these were matters that were presented in evidence on the trial. There was no showing that the additional evidence could not have been procured. Indeed, from its very nature it is apparent that it might have been procured as well before the trial as after. Upon all the points suggested, evidence was offered upon the trial. It is a rule of the federal courts that a new trial will not be granted upon the ground of the discovery of cumulative evidence merely. Ames v. Howard, 1 Sumn. 482, Fed. Cas. No. 326; Brown v. Evans, 17 Fed. 912. It has also been held that newly-discovered evidence to impeach or contradict is not enough to warrant granting a new trial. Carr v. Gale, 1 Curt. 384, Fed. Cas. No. 2,433; U. S. v. Potter, 6 McLean, 182, Fed. Cas. No. 16,077.

It was also urged that there was no evidence that the car was actually in motion when it came in collision with the wagon which caused it. The only witness who so testifies is the gripman. Isaac Rigdon, for the plaintiff, testifies that the car was in motion when the collision occurred, and that he did not notice any slackening of speed of the car up to the time of the collision. Charles V. Avery, for the plaintiff, testifies that the gripman did not slow the car in any way before the collision. The plaintiff also testifies that there was no slackening up of the car, that he observed, before the collision. Mrs. Redman, for the plaintiff, testifies that she did not notice whether the car had been slacked in any way. To the same effect was the testimony of Mr. Daniel Metz. Howard Kemper, a witness for the defendant, says that the car did not stop until the collision occurred.

The motion for new trial will be overruled.