UNITED STATES v. NG YOUNG.

(District Court, N. D. New York. December 18, 1903.)

1. ALIENS—CHINESE—EXCLUSION—PROCEEDINGS—NEW TRIAL.

In proceedings for the exclusion of an alleged Chinese alien, an application for a new trial after judgment of deportation had been entered on trial before a United States commissioner should be addressed to the commissioner.

2. SAME—APPEAL.

Where a motion for a new trial in Chinese deportation proceedings is denied by the commissioner before whom the proceedings were had, an appeal may be taken to the United States District Court from the order denying the motion.

3. SAME—NEWLY DISCOVERED EVIDENCE.

Where a Chinese alien was ordered deported after trial, at which he produced a witness who testified that defendant was born in the United States, and at the time of the trial he knew of another witness, who would have testified to the same fact, defendant was not entitled to a new trial in order to produce such witness.

4. SAME—DILIGENCE.

Where a Chinese person alleged to be unlawfully within the United States was apprehended on September 9, 1903, and his trial was postponed until October 3d succeeding, and though a witness did not reach the place of trial until after the same had ended, no effort was made to open the case and introduce the witness' testimony until after the decision of the commissioner was filed on November 26, 1903, and the delay was not excused, defendant was guilty of such negligence as to preclude the granting of a new trial in order to introduce the witness' testimony.

Application for an Order Granting a New Trial.

George B. Curtiss, U. S. Dist. Atty.

G. G. Munger, for defendant.

RAY, District Judge. The defendant having been apprehended on the charge of being a Chinese person, and unlawfully within the United States, September 9, 1903, was, after sufficient delay and opportunity to prepare his defense and engage counsel (that is, until October 3, 1903), which he did, brought to trial before the commissioner having jurisdiction in the premises. The defendant was sworn in his own behalf, as was another witness produced by him, who gave evidence as to the alleged time and place of birth of the defendant in the state of California. No claim was made at the time that the defendant had or could produce other witnesses, and the case was duly submitted for decision on the merits. After careful consideration and on briefs duly submitted the commissioner decided November 25, 1903, that the defendant was not born in the United States, and was illegally here, and a judgment of deportation was entered. No appeal has been taken from this judgment, nor has any motion been made before the commissioner for a new trial. Such a motion should be addressed to the commissioner, and if he denies the application an appeal may be taken from his order denying the motion to this court. This court does not doubt his power to entertain and grant such a motion based

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212, and Lee Sing Far v. United States, 35 C. C. A. 332.

on proper grounds and proof. There is no claim that the commissioner erred in the admission or rejection of evidence, nor is it seriously claimed that the commissioner erred in his decision on the evidence before him.

It is now claimed that the defendant has another witness, one Ah Gong, who will testify that defendant was born in the United States as claimed by him and as testified to by Mark Fook or Him on the trial before the commissioner. Even if this new witness will testify as claimed, the evidence is merely cumulative. Nor is it newly discovered evidence. With ordinary and reasonable diligence the witness might have been had on the trial.

While in these cases the court should be careful that the defendant has a fair trial and that judgment is based on legal evidence, this court is unable to discover that any injustice has been done the defendant. Even should the alleged new witness, Ah Gong, testify on a new trial, if granted, as set forth in his affidavit, the commissioner would hardly be justified in changing his decision. If it be true that he left New York to testify in the case, and found the trial had ended when he reached Syracuse, early in October, 1903, why was not some effort made to open the case prior to November 26, 1903, when the decision of the commissioner was made? The delay is not excused.

The principles established in the following cases must govern the court in disposing of this motion: Bates v. Preble, 151 U. S. 149, 14 Sup. Ct. 277, 38 L. Ed. 106; Fuller v. Harris (D. C.) 29 Fed. 814; Rose v. S. & C. T. Co. (C. C.) 19 Fed. 808; Flint & P. M. R. Co. v. M. I. Co. (C. C.) 71 Fed. 210; Brown v. Evans (C. C.) 17 Fed. 912, affirmed in Evans v. Brown, 109 U. S. 180, 3 Sup. Ct. 83, 27 L. Ed. 898; Chandler v. Thompson (C. C.) 30 Fed. 38; Lowry v. Mt. A. & E. P. I. P. R. Co. (C. C.) 68 Fed. 827.

The motion for a new trial must be denied.