WHITEHEAD VS BRECKENRIDGE.

Opinion delivered October 19, 1904.

1. *Appeal—Evidence not All in Record—Presumption that Same Supports Verdict.*

Where an indebtedness is admitted and defendant only claims payment of various amounts and the verdict of the jury is for plaintiff for a small amount, not the remainder after substracting the payment or payments claimed, and the bill of exceptions does not contain all the evidence, it will be presumed that there was evidence on which the jury based their verdict, not that it was arrived at by compromise.

2. *New Trial—Newly Discovered Evidence—Discretionary with Court.*

The granting of a motion for a new trial on the ground of newly discovered evidence is largely within the discretion of the trial court.

3. *New Trial—Newly Discovered Evidence—Motion Must Show What.*

A motion for new trial on the ground of newly discovered evidence, to be sustained, must show that same would probably change the result, that it is material and not merely cumulative; and new evidence merely impeaching a witness is no ground for new trial.

4. *Witness—Mileage and Fees—Deposition.*

It was not error for the court to refuse to tax up as costs the mileage for a witness served beyond the jurisdiction of the court who travelled a distance of about 500 miles. as his attendance could not be compelled and the proper way to procure his testimony was by deposition as authorized by Sec. 2921 Mansf. Dig. (2036 Ind. Ter. Stat.)

Appeal from the United States Court for the Central District.

WILLIAM H. H. CLAYTON, Judge.

Action by J. E. Whitehead against A. W. Breckenridge. From a judgment, in favor of defendant, plaintiff appeals. Affirmed.

This was an action at law brought by the appellant against the appellee on the 3d day of May, 1901. In his complaint, appellant alleged that appellee on the 13th day of January, 1900, was indebted to one John M. Grady upon an open book account, for merchandise sold and delivered to him, in the sum of $104.34; that on said day Grady was adjudged a bankrupt, and that shortly afterward W. T. Wood was appointed trustee of Grady's estate, and the title to said account was vested in Wood, as trustee; that afterward Wood, as trustee, under the order of the court, advertised and sold said account to appellant, and said sale was confirmed by the court; and that appellant thereby became the owner of said account. He demanded payment of appellee, and payment was refused, whereupon he asked judgment for $104.34, with interest, against appellee. On November 26, 1901, appellee answered, and denied all the allegations made by appellant, and averred that he had paid said account to Grady by returning some lumber and shingles, of the value of $16.40, and by paying $95 on November 27, 1898, and that he had no credit for said items, which overpaid his said account. On January 16, 1902, the case came on for trial before a jury. The appellee announced in open court that he admitted all the allegations of appellant, and that his defense would be limited to the allegations of payment of $95, the return of lumber to the amount of $4.40, and return of shingles to the amount of $12. Evidence was introduced, the court charged the jury, to which there was no exception, and on January 17,

1902, the jury returned the following verdict: "We, the jury duly impaneled and sworn and charged by the court to try the issues, do find for the plaintiff in the sum of $25. J. F. Pierce, Foreman." On January 20, 1902, appellant files motion for new trial, and on February 1, 1902, the appellant files motion to tax costs as follows: "Now comes the plaintiff, and, for his motion to tax costs herein, represents to the court that one witness (Ben T. Laws) in this case was subpoenaed to attend the trial of this cause while at Conroe, Texas, and attended, coming a distance of 500 miles; that he made application to the clerk of this court for his witness fees, and claimed, in addition to his per diem, mileage from and returning to his home; that the clerk refused to tax the mileage, either in whole or in part, up as costs in the case." And on same day the court made the following orders: "And therefore, on the 1st day of February, 1902, comes on to be heard plaintiff's motion to tax costs, and the court, being well and sufficiently advised in the premises, doth order that the per diem only of the said witness Ben T. Laws be taxed as costs, to which order and ruling of the court plaintiff at the time excepted, and still excepts. And upon the same day comes on to be heard plaintiff's motion for a new trial, and the court, having read said motion, and being fully advised in the premises, did overrule the said motion, to which order and ruling of the court the plaintiff at the time excepted, and still excepts," and prayed an appeal to this court.

W. E. Rogers, for appellant.

J. A. Hale and T. D. Davis, for appellee.

TOWNSEND, J. The appellant filed three assignments of error, as follows: "(1) That the verdict of the jury was not supported by any evidence; hence, ought to have been set aside. (2) The newly discovered evidence of the appellant was very

material, and that a new trial should have been given upon the showing of this newly discovered evidence. (3) The court erred in not ordering that the witness fees of Ben T. Laws, a witness for appellant, be taxed as costs."

The contention of the appellant seems to be that, for the reason that he is unable to determine from the evidence admitted in the case, and contained in the bill of exceptions, how the jury could arrive at the verdict they did, he, in consequence, assumes that they arrived at it by a compromise. There is no evidence that they reached the conclusion they did by a compromise, and no authorities are cited by appellant to sustain the proposition that, because he cannot determine how they reached the conclusion they did, it must therefore necessarily have been by compromise. We doubt if any authority could be found to sustain such a contention. We can only consider the evidence brought up by the bill of exceptions, and that does not purport to contain all the evidence that was submitted in the case. The appellant discusses only the evidence contained in the bill, the appellee insists that other evidence was introduced, and the bill of exceptions does not say that all the evidence was contained therein. It may be that the jury reached their conclusion from evidence not contained in the bill. It will not do to say that there was no evidence to support the verdict, for the appellee admitted that before his payments were made he was indebted in the sum of $104.34. The only controversy was as to the amount of the payments, and the evidence on that question was conflicting. It is often quite impossible to determine how a jury, in their deliberations, arrive at certain results. The trial judge was evidently of the opinion that substantial justice had been done, and he, having heard the evidence, and observed the witnesses upon the stand, was better fitted to pass upon that question than any appellate court could be. In the language of Brewer, J. (Parshall vs Minneapolis & St. Louis Ry. Co. (C. C).

35 Fed. 649), "motions for new trials are simply appeals to the discretion of the court, and are not matters of right to be claimed by the defeated party." "It is clear," says the learned judge, "that the trial judge better than any one else can determine whether substantial justice has been done." See, also, Dickerson vs Johnson, 24 Ark. 251; Drennen vs Brown, 10 Ark. 138. When all the evidence is not set forth in the bill of exceptions, the presumption is that there was evidence to support the verdict. Taylor vs Spears, 8 Ark. 429. The court will not review the verdict of a jury where it is merely against the weight of the evidence. Dickerson vs Johnson, 24 Ark. 251; Purcell Mill & Elevator Company vs.Kirkland, 2 Ind. Ter. 169, 47 S. W. 311; Drennen vs Brown, 10 Ark. 138. Courts are very slow to disturb the findings of a jury, and such has repeatedly been declared the policy of the Supreme Court of Arkansas, and that court goes so far as to say that the verdict will not be disturbed if there is any evidence upon which it may be supported. Jabine & Woodruff vs Midgett, 25 Ark. 474; Dickerson vs Johnson, 24 Ark. 251; Trieber vs Andrews, 31 Ark. 163; Hill et al vs Jayne, 18 Ark. 396. New trials on the ground of newly discovered evidence are largely in the discretion of the trial judge. "There is nothing, perhaps, touching the power of granting new trials which more requires that its exercise should be left in the discretion of the court where the trial is had, then trials based upon this ground." Scott, J., in Bourland vs Skimnee, 11 Ark. 671. Newly discovered evidence, in order to be sufficient, must fulfill all the following requriements: (1) It must be such as will probably change the result if a new trial is granted. (2) It must have been discovered since the trial, and such as could not have been discovered before the trial by the exercise of due diligence. (3) It must be material to the issue. (4) It must not be merely cumulative of former evidence. (5) It must not be merely impeaching or contradicting of former evidence. Robins vs Fowler, 2.Ark. 133; White et al vs State, 17 Ark. 404; Burriss vs

Wise, 2 Ark. 33.   The newly discovered evidence in this case upon which the appellant asked for a new trial is merely contradictory of the statement of Breckenridge as to where he obtained the money to make the $95 payment, and hence cannot be urged as sufficient ground for a new trial.   White vs State, 17 Ark. 404; Robins vs Fowler, 2 Ark. 133; Holt vs State, 47 Ark. 196, 1 S. W. 61; Redman vs State, 40 Ark. 445; Lowry vs Mt. Adams Incline Plane R. Co. (C. C.) 68 Fed. 827.   Newly discovered evidence which goes merely to impeaching a witness is no ground for a new trial.   Wallace vs State, 28 Ark. 531; Minkwitz vs Steen, 36 Ark. 260.

The error assigned in not allowing mileage for witness Laws is not tenable.   The record shows the witness was not served within the jurisdiction of the court, and the court, under such service, could not have compelled his attendance.   It would have been in the discretion of the court, at any rate, to disallow any costs accumulated unnecessarily.   The witness' deposition could have been taken, and it was the proper way to bring his evidence before the court, as he was more than 30 miles from where the court sat.   Mansf. Dig. §. 2921 (Ind. Ter. St. 1899, § 2036).

There being, in our opinion, no error in the refusal of the court to grant a new trial, the judgment of the lower court should be, and is, affirmed.

RAYMOND, C. J., and GILL, J., concur.