## WHITE ET AL. VS. THE STATE.

Newly discovered evidence, to afford a ground for new trial, must have been discovered since the fomer trail ; must be such as reasonable diligence could not have secured at the former trial; must be material, and not cumulative; must be such as ought to produce on another trial, a diffierent resuelt, on the merits, and must go to the merits.

A motion for new trial, in general, will not be granted unless accompanied by the affidavit of the newly diecovered witness.

*Appeal from the Circuit Court of Pope County.*

The Hon. FELIX J. BATSON, Circuit Judge.

HOLLOWELL, for appellants.

JORDAN, Attorney General, contra.

Mr. Justice HANLY delivered the opinion of the Court.

The appellants were indicted at the March term, 1855, of the Pope Circuit Court, under the *5th section of the 5th Article of the 51st chapter of the Digest*, under the title of "SABBATH BREAK-ING." There were two counts. The first was under the *1st clause* in the *5th section;* and the other, under the *second clause* of the same section. At the September term, 1855, the defendants pleaded *not guilty;* were tried by a jury, convicted and fined ten dollars each.

At the same term, the defendants filed a motion for a new trial, on the ground of newly discovered evidence since the trial and verdict. The motion was supported by the affidavit of one of the appellants; stating, in effect, that he was not aware of the existence of the evidence newly discovered, until since the trial; stating furthermore, what he expected to prove, but which we do not deem necessary to state, as it was only cumulative of the evidence, which it appears, from his bill of exceptions, he introduced to the jury at the trial. Neither the motion, nor the affidavit in support of it, shows any diligence on the part of the appellants, to procure the evidence newly discovered, anterior to the trial. We will not copy the evidence set out in the bill of exceptions, as the appellants do not question the propriety of the finding of the jury upon that evidence, but predicate their motion for a new trial wholly upon the ground of newly discovered evidence, which they set out, and which we hold, is only cumulative of that, which they offered to the jury at the trial. *Cumulative evidence*, as understood in the sense in which we use it, in this connection, is such evidence as goes to support the facts principally controverted on the former trial, and respecting which, the party asking for a new trial, as well as the adverse party, produced testimony. See *Wharton's Amer. Crim. Law*, 913.

After, or newly discovered evidence, in order to afford a proper

ground for the granting of a new trial, must possess the follow-
ing qualifications:

1. It must have been discovered since the former trial.

2. It must be such as reasonable diligence, on the part of the
defendant, could not have secured at the former trial.

3. It must be material in its object, and not merely cumula-
tive, and corroborative or collateral.

4. It must be such as ought to produce, on another trial, an
opposite result on the merits.

5. It must go to the merits, and not rest merely on a technical
defence. See *Whart. Amer. Crim. Law*, 908, 909; *Burris vs.
Wise & Hind*, 2 *Ark. Rep.* 33.

The after discovered evidence, set out in this case, wants seve-
ral of the elements and features necessary, to make it available
as a basis of a motion for a new trial. For instance, the appel-
lants show no diligence in the way of its procurement for the
former trial: it is wholly cumulative of the evidence which was
before the jury; and, lastly, it is not of such a character, as
ought, or would, likely, produce on another trial, an opposite
result.

There are, however, other grounds, in addition to the above,
deemed preliminary points of practice, which must be conformed
to, before a motion on the ground of newly discovered evidence
will be entertained. It is necessary, that the party should men-
tion the witnesses by name, and what he expects to prove by
them. This seems to have been done in the case before us. And,
in addition to this, that either the witnesses themselves, should
state, on oath, the evidence they can give, or that the party
should add his own belief to the statement made by the wit-
nesses. See *Burriss vs. Wise, & Hind* as above; *Hollingsworth
vs. Napier*, 3 *Caine's Rep.* 182; *Dunn vs. Marrill et al.*, 1 *Ham.
Rep.* 382; *Brown vs. Swan*, 1 *Mass. Rep.* 202; *Adams vs. Ash-
by*, 2 *Bibb.* 287.

The rule for a new trial, in general, will not be granted in

such cases, if supported only by the affidavit of the party, or one interested. The motion must be accompanied by the affidavit of the newly discovered witness. And this rule is as well applicable to criminal, as civil practice. See *Whart. Amer. Crim Law*, 909; *Webber vs. Tres*, 1 *Tyler Rep.* 441; *Noyce vs. Huntington*, *Kirby* 282.

In the case before us, the motion was only accompanied by the affidavit of one of the appellants.

We, therefore, in view of the above principles; hold, that the court below very properly overruled the appellant's motion for a new trial in this cause, and finding no error in the whole transcript, we consequently, affirm the judgment of the Pope Circuit Court, in this behalf. Let the judgment be affirmed, at the appellants costs.

Absent, Mr. Justice Scott.