Anderson v. State.

a certain game played at cards, the name of which is to the grand jurors unknown.'' The defendant was convicted by the jury and he moved in arrest of judgment because—

1.   The indictment did not state the names of the parties who played the game, nor that their names were unknown to the grand jury.

2.   That it charged no offense.

The motion was overruled and he appealed.

—

## ANDERSON v. STATE.

NEW TRIAL: *Motions for:   When circuit court overruled:*
Motions for new trial on the ground of surprise or newly discovered evidence are addressed to the sound legal discretion of the presiding judge; and it is only in cases of apparent abuse of that discretion, or that injustice has been done that this court interferes.

ERROR to *Miller* Circuit Court.
Hon. C. B. MITCHELL, Circuit Judge.

*L. A. Byrne*, for plaintiff in error.
A new trial should have been granted on the ground of

*surprise.* The court we think abused its discretion in refusing it. *Levy v. Brown, 11 Ark., 21.*

*C. B. Moore,* Attorney General, for the State.

This is no proper case of *surprise,* and differs from *Levy v. Brown, 11 Ark., 21,* where the whole question turned on the matter of *diligence.* This looks too much like an *afterthought.*

ENGLISH, C. J. At the September term, 1881, of the circuit court of Miller county, A. A. Anderson was indicted, under *section 1494 Gantt's Digest,* for following the occupation of an auctioneer without having paid the special tax required by law. He pleaded not guilty, was tried at the March term, 1883, found guilty by a jury, fined two hundred dollars, refused a new trial, and brought error.

On the trial the state proved that the defendant followed the occupation of an auctioneer, and made sales as such, in the early part of the year, 1881, in Texarkana, Miller county.

Defendant produced and read in evidence an auctioneer's license issued to him by the county clerk, seventeenth September, 1880, for the term of six months, and a receipt for the special tax required by law; and proved by one Bush, who had made sales for him, and by A. A. Anderson, jr., his clerk, that he had made no sales in Miller county after the seventeenth March, 1881, when his license expired, but moved into Texas, and carried on the auction business there.

Had the evidence close here, defendant would have been entitled to an acquittal.

But the state by way of rebuttal, introduced in evidence the following paper, purporting to be a report made to the county clerk by defendant, twenty-fifth April, 1881, of auction sales :

"Statement of A. A. Anderson of goods sold at auction, 1881:

Jan. 23 to 26, Merchandise,....................$200 00
"    29, Merchandise,...........................  69 40
Feb. 5, Merchandise,...........................   7 45
Mch. 22, One Mule,............................  70 75

                                              $347 65

This appears to have been sworn to by Anderson and filed with the clerk twenty-fifth April, 1881.

It appearing from this report that defendant had sold a mule after the expiration of his license, the jury found him guilty.

There is nothing on the face of the paper to prove that the mule was sold in Miller county, but the jury perhaps inferred that it was, from the fact that the report was made to the clerk of that county.

On the general assignment in the motion for a new trial, that the verdict was not warranted by the evidence, we cannot say that there was no evidence to warrant the verdict.

But there was a further assignment in the motion, that defendant was surprised by the introduction of the above report of sales on the trial, etc., and not prepared at the time to explain the reported date of the sale of the mule. And he made a sworn statement that he had discovered after the trial, on examination of his auction book, that the mule was entered as sold on the twelfth of March, the day on which it was in fact sold; that the report was made from that entry, but by a mere clerical error in making out the report the mule was put down as sold on the twenty-second of March instead of the twelfth.

He also filed the affidavit of A. A. Anderson, jr., his clerk, corroborating the above statement.

It is very well settled that motions for new trials, on the

ground · of surprise, or newly discovered evidence, are addressed to the sound legal discretion of the presiding judge, and it is only in cases where there appears to have been an abuse of that discretion, or that injustice may have been done, that this court interferes.

We fear that injustice may have been done in this case by the refusal of a new trial. If in fact the mule was sold on the twelfth of March, and the sale so entered, and by a mere clerical error it was reported as having been made on the twenty-second, it would be a hardship and injustice for plaintiff in error to have to pay the fine imposed on him by the verdict. We think it safer to let the truth of this matter be inquired into and ascertained on another trial.

Reversed and remanded for a new trial.