## Douglass v. State.

### Opinion delivered October 4, 1909.

1. Venue—sufficiency of proof.—The venue of a crime may be proved by circumstantial evidence, and need not be proved by direct evidence. Thus proof that a horse alleged to have been stolen ranged in a certain locality in the county when it was missed and that afterwards it was found in defendant's possession in the same county was sufficient to justify a finding that the horse was taken, driven or carried away in such county. (Page 495.)

2. Same—burden of proof.—It is sufficient in a criminal case for the State to prove the venue by a preponderance merely of the evidence. (Page 495.)

3. Larceny—possession as evidence of guilt.—Proof that defendant had possession of stolen property, standing alone, raises no presumption of guilt, and is not sufficient to sustain a conviction of larceny. (Page 495.)

4. Same—possession as evidence of guilt.—Proof in a larceny case that defendant had possession of recently stolen property is evidence of his guilt; and when his possession is unexplained, the evidence of guilt is strengthened. (Page 495.)

5. Same—possession as evidence of guilt.—Where stolen property is found in the possession of the accused, and he claims title thereto, if he made the claim in good faith, he is not guilty of larceny; but if the explanation of his possession involves a falsely disputed indentity or is based on fabricated testimony, the inference of his guilt is strengthened, and his complicity in the larceny sufficiently established. (Page 495.)

6. New trial—newly discovered evidence.—Newly discovered evidence that is of a cumulative character, or that tends to contradict certain testimony on the part of the State, is not sufficient ground for a new trial. (Page 497.)

Appeal from Miller Circuit Court; *George W. Hays,* Judge; affirmed.

*Pratt P. Bacon,* for appellant.

1. There is no proof that the horse was stolen in Miller County. Giving the evidence the strongest probative force, it only shows that the horse was in appellant's possession in Miller County for five months after it is alleged to have been stolen.

2. There is no proof of a larceny. No witness testified that appellant stole the horse from Paup; and, although there is proof that Paup lost a horse in May, the evidence of appellant and his witnesses is positive that appellant raised the animal in controversy from a small colt. 67 Ark. 155. Physical facts and the testimony are contrary to Paup's claim of ownership; but, if it be conceded that he owned the horse, there is still lacking any proof of felonious intent, a burden of proof which the State has not met. 32 Ark. 238; 60 Ark. 9; 68 Ark. 529; 85 Ark. 360; 34 Ark. 632.

3. In the interest of justice appellant ought to have been given an opportunity to show, by evidence newly discovered, that Paup had said before the trial that he did not know whether this was his horse or not.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. Venue may be proved by circumstantial evidence as well as by direct testimony. 3 Rice on Ev. 345; 4 Pa. 269; 29 Ark. 293; 62 Ark. 497.

2. The horse was taken from the range without authority from the owner. Afterwards appellant was found in possession of it. The burden was on appellant to prove his possession lawful. Possession of property recently stolen, if unexplained, is evidence tending to prove defendant's guilt. 55 Ark. 244; 34 Ark. 443. His claim of ownership is proof of intention to convert the horse to his own use. 79 Ark. 432.

3. Evidence newly discovered which is merely cumulative, or goes only to impeach the credibility of a witness, is not a ground for new trial. 66 Ark. 525; 74 Ark. 382; 72 Ark. 404; 40 Ark. 477; 47 Ark. 199; 55 Ark. 324; 45 Ark. 333.

FRAUENTHAL, J. The defendant, Cato Douglass, was tried upon an indictment charging him with the larceny of a horse; and the jury returned a verdict of guilty, and assessed his

punishment at one year in the penitentiary. He seeks a reversal of this conviction upon the following grounds: (1) because the venue was not proved; (2) because the evidence is not sufficient to sustain the verdict; and (3) because of newly discovered evidence.

The evidence tended to prove that the horse that the defendant is charged with having stolen was the property of W. M. Paup; that it was permitted to run on the range near what is called Clear Lake in Miller County, Arkansas, and that it was last seen at that place in May, 1908. Shortly after that there was an overflow in that portion of the county, and either just before or during the time of this overflow the horse disappeared. The overflow continued until July following, and the horse was next found in October or November, 1908, in the possession of the defendant, near the locality called Lost Prairie in Miller County, and about ten or twelve miles from the range where the horse had been accustomed to run. When found in the possession of the defendant, the mane of the horse had been cut off, his tail pulled out, and he had been altered, and branded dimly on the shoulder; and all this had been done after the horse had disappeared from the range in May. The defendant claimed to be the owner of the horse, and that he had owned him from the time he was foaled. A number of witnesses testified on the part of the State that the horse was the property of Paup, and had disappeared in May; and a number of witnesses testified on behalf of the defendant that the horse was the property of the defendant, and raised by him. One of the witnesses testified that when he discovered the horse in the possession of defendant in the fall of 1908 and told him in effect that it was Paup's horse, the defendant became angered at him, and made demonstration to fight him. It is not deemed necessary to give any further or in any detail the various facts and circumstances adduced in evidence; and the above only presents the general nature of the case made out against the defendant. The question as to whether the testimony relating to the claim of ownership made by defendant was *bona fide* or fabricated was peculiarly within the province of the jury to determine; and we cannot say that all the facts and circumstances adduced in evidence are not sufficient to sustain the finding of the jury against the defendant's claim of ownership and his good faith in making that claim.

It is urged by the defendant that the venue of the offense in Miller County is not proved. It has been held by this court that the venue of the crime may be proved by circumstantial evidence, and need not be proved by direct evidence; and it may be proved by a preponderance of the evidence. *Bloom* v. *State,* 68 Ark. 336; *Wilson* v. *State,* 62 Ark. 497; *Wilder* v. *State,* 29 Ark. 293.

The testimony in this case tends to show that the horse ranged in Miller County near Clear Lake when it was missed, and that afterwards it was found in the possession of the defendant about 10 to 12 miles distant in Miller County. This was sufficient evidence to justify a finding that the horse was taken, driven or carried away in Miller County.

It is contended on behalf of the defendant that there is not sufficient evidence to sustain the conviction herein for the reason that the evidence does not show a felonious and criminal intent on the part of the defendant. It is urged that the defendant claimed the property as his own, and, even if he was mistaken in that claim of ownership, his possession of the property would not be sufficient evidence of a criminal intent to steal. This is true if his claim of ownership was made in good faith. In order to constitute larceny, the taking must be done with felonious intent; the taking of the property and its possession is only a fact, and in itself it is not sufficient to raise a presumption of a guilty intent; and, standing alone, it would not be sufficient to sustain a conviction of larceny. *Mason* v. *State,* 32 Ark. 238; *Gooch* v. *State,* 60 Ark. 5; *Sutton* v. *State,* 67 Ark. 155; *Jones* v. *State,* 85 Ark. 360.

But the possession of property recently stolen does raise a presumption tending towards guilt, and is a link in the evidence against the accused; and when that possession is unexplained, it is a further link in the evidence of guilt against the accused to go to a jury for its consideration. *Boykin* v. *State,* 34 Ark. 443; *Blankenship* v. *State,* 55 Ark. 244; *Denmark* v. *State,* 58 Ark. 576; *Gunter* v. *State,* 79 Ark. 432.

When the stolen property is found in the possession of the accused, and he makes a distinct assertain of title and ownership thereto, it is evidence that he intended to convert the same to his own use and to deprive the owner thereof. If he makes an

explanation of his possession by claiming to be the owner thereof, then the question to be determined is whether such claim of ownership is made honestly and in good faith. If it is made honestly and in good faith, then, no matter how mistaken the accused may be, he would not have that felonious intent from which the larceny could be inferred. But, on the contrary, if the explanation of the possession and the claim of ownership of the property "involve a falsely disputed identity or is based on fabricated testimony, then the inference of his guilt is strengthened," and his complicity in the larceny is sufficiently established. *Shepherd* v. *State,* 44 Ark. 39; Wharton's Criminal Evidence, (8th Ed.) § 758.

In the case at bar the defendant claimed to own the horse and to have owned and been in possession of it from the time it was foaled; and he introduced a number of witnesses who testified in accord with him. If this testimony is true, the defendant is not guilty. But if this testimony is fabricated and false, then it not only sustains the contention of the State that the horse was owned by Paup, but it further sustains the contention that the defendant had the felonious intent to wrongfully convert the same to his own use and to deprive the true owner thereof. These witnesses appeared before the jury, and all the facts and circumstances of this case were detailed before them. It was peculiarly their province to pass upon these questions, and this they have done.

In the course of its instructions the lower court said to the jury:

"Gentlemen of the jury, if you find from the evidence in this case that this was the property of Mr. Paup, but that this party took this horse through an honest mistake, believing that it was his property, though you may believe that it was the property of Mr. Paup, then you should acquit the defendant."

The jury was the judge of the credibility of defendant and the witnesses who testified in his behalf. To their testimony the jury did not give credence. The jury must have found that the horse was the property of Paup; that the defendant took the horse and carried it away, and did not raise it as he claimed; that he did not take it through any mistake, but that he set up a false claim of ownership knowingly, and fabricated testimony to sustain that false claim.

We have examined the evidence, and we cannot say that there is not sufficient evidence to sustain that finding of the jury. It follows, therefore, that there is sufficient evidence to sustain the verdict.

It is contended by the defendant that since the trial of the cause he discovered certain evidence material to his defense. But this evidence is wholly and entirely cumulative to that introduced by him, or simply contradictory of certain testimony on the part of the State; and therefore it is not sufficient ground for a new trial. *White* v. State, 17 Ark. 404; *Wallace* v. *State,* 28 Ark. 531; *Campbell* v. *State,* 38 Ark. 498; *Walker* v. *State,* 39 Ark. 221; *Redman* v. *State,* 40 Ark. 445; *Foster* v. *State,* 45 Ark. 328; *Hudspeth* v. *State,* 55 Ark. 324; *Maxey* v. *State,* 66 Ark. 523; *Jones* v. *State,* 72 Ark. 404.

A great number of witnesses appeared and testified in this case, both on the part of the prosecution and of the defense. Every fact and phase of the case was testified to by numerous witnesses, and this alleged newly discovered evidence could shed no further light on the case. The defendant has had a full and fair trial, and we cannot say that the verdict of the jury is not sufficiently sustained by the evidence.

Judgment affirmed.

BATTLE, J., not participating, absent.