## PALMER *v.* STATE.

### Opinion delivered October 13, 1913.

1. LARCENY—CONVICTION—EVIDENCE—SUFFICIENCY.—Evidence that defendant received a note from one R for collection, and converted the same to his own use by hypothecating it to one C for the purpose of having C endorse defendant's note to a bank, *held,* sufficient to warrant a conviction for the crime of larceny under Kirby's Digest, § 1837. (Page 412.)

2. CRIMINAL LAW—EVIDENCE—AGE OF DEFENDANT—SUFFICIENCY OF PROOF.—Where defendant is charged with the crime of larceny, the fact that he was over sixteen years of age may be established by circumstantial, as well as direct, evidence, and when defendant testified before the jury, and made statements as to his former occupations, the jury would be justified in believing him to be over sixteen years of age. (Page 412.)

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; affirmed.

*Appellant pro se.*

1. There is no proof of age.

2. Cites 51 Ark. 119, as to the court's charge to the jury.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Age may be proven by circumstantial evidence.

2. There is no error in the court's charge. Kirby's Digest, §§ 1837-8; 53 N. W. 571; 100 Ark. 201.

McCULLOCH, C. J. The defendant was convicted under an indictment based upon the following statute:

"If any clerk, apprentice, servant, employee, agent or attorney of any private person, or of any copartnership, except clerks, apprentices, servants and employees within the age of sixteen years, or any officer, clerk, servant, employee, agent or attorney of any incorporated company, or any person employed in any such capacity, shall embezzle or convert to his own use, or shall take, make way with, or secrete, with intent to embezzle or convert to his own use, without the consent of his master or employer, any money, goods or rights in action, or any valuable security or effects whatsoever belonging to any

other person, which shall have come to his possession, or
under his care or custody, by virtue of such employment,
office, agency or attorneyship, he shall be deemed guilty
of larceny, and on conviction shall be punished as in case
of larceny." Section 1837, Kirby's Digest.

The charge contained in the indictment is, in sub-
stance, that defendant, being the agent and bailee of Sam
Rye, and having entrusted to his possession a certain
promissory note, the property of said Rye, which had
been executed to him by one Miller Swancy, of a certain
date, for the sum of $92, and of that value, did feloniously
and fraudulently embezzle and convert said note to his
own use, without the consent of said owner.

The indictment also contained another count charg-
ing defendant with the crime of grand larceny, alleged
to have been committed by stealing $30 in money, the
property of Sam Rye.

Upon a trial of the case the court gave a peremptory
instruction in defendant's favor as to the second count,
and the jury returned a verdict of guilty under the first
count.

The testimony adduced by the State tended to show
that defendant pretended to Rye that he was an "ex-at-
torney," and proposed to him to collect the note in ques-
tion without charge; that the note was entrusted to him
for collection, and that he subsequently converted the
same to his own use by hypothecating it to a bank in the
city of Hot Springs for a loan of money, or, rather, that
he hypothecated it to one Cobb for the purpose of having
the latter endorse his note to the bank.

The evidence was sufficient to sustain each of the
elements of the crime.

It is especially contended by appellant that there
was no affirmative proof that he was over sixteen years
of age at the time of the alleged commission of the
offense.

It is true that no witness testified directly as to de-
fendant's age, but there are many statements of the wit-
nesses from which the jury might infer that he was a ma-

ture man. There is much testimony about his former occupations and his statements concerning the same which would justify the jury in finding that, according to his own admissions, he was very much over sixteen years of age. He claims that he had been an attorney-at-law, and that he was an experienced worker in concrete. Besides this, he testified before the jury, and an opportunity was thus given to determine his age. This fact could be established by circumstantial, as well as by direct, evidence. *Douglass* v. *State,* 91 Ark. 492. Nothing seems to have been said or suggested during the trial, or in the instructions requested and given, about proof of the age of defendant. The alleged defect in the proof appears only to have been discovered after the testimony got into the transcript. But we are of the opinion, nevertheless, that there is enough in the testimony to warrant an inference by the jury as to defendant's age.

Errors are assigned in the refusal of the court to give certain instructions whereby it was sought to submit the question of defendant's good faith and honest belief that the note had been turned over to him by Sam Rye for the purpose of cancelling a debt which defendant claimed Rye owed him.

Defendant testified that Rye owed him a sum of money in excess of the amount of the note, that the note was assigned and delivered to him, and that the proceeds were to be appropriated as a payment on said debt. This was denied by Rye, who testified that he did not owe defendant anything, and that the note was entrusted to the latter for collection. There was a sharp conflict in the testimony on that point. There was scarcely any room to find, from the testimony, that, if the note was not delivered to defendant in 'satisfaction of the debt he claimed against Rye, defendant honestly believed that it was delivered to him for that purpose. In other words, if it is not true, as he claims, that Rye owed him and turned the note over to him to satisfy the debt, then there is nothing that would warrant the conclusion that he honestly believed so. But, be that as it may, the court

submitted that issue in an instruction which told the jury that before they could convict defendant, they must find that he converted the note to his own use "knowing that he had no right to do so," and that defendant "converted the note to his own use with the intent and purpose of cheating and defrauding the said Sam Rye out of the said note, or its value." This fully covered the point contained in the instruction requested by defendant, and there was no error in refusing to give the one he requested.

Objection is made to certain instructions given by the court, and error is assigned in that respect. But upon a careful consideration of them, we are convinced that the instructions given properly submitted the issue to the jury. Some of the instructions that defendant complains of referred to the conversion of the $30 in money received when the note was hypothecated, and, as a matter of fact, the first count does not charge the conversion of the money. The references in these instructions to the money collected relate only to the intent of defendant in using the note, and do not direct a finding of guilt because of the misappropriation of the money, but make guilt depend upon the conversion of the note itself. If defendant received the note for collection, as contended by the prosecuting attorney, and hypothecated it for the money which he appropriated to his own use, this would constitute an unlawful conversion of the note and would make him guilty under the indictment.

There is no prejudicial error in the proceedings so far as we can discover, and the judgment is therefore affirmed.