JENKINS v. STATE.

Cr. 3940

Opinion delivered September 23, 1935.

*Sam E. Montgomery, Robt. L. Rogers, II,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

McHANEY, J. Appellant was convicted of the crime of robbery and sentenced to three years in the penitentiary.

For a reversal of the judgment against him, appellant first says there is no evidence of force or intimidation. In this he is in error, for John Rutkowski, the night

watchman at the American Legion Club in North Little Rock, from whom the property was taken, testified that appellant grabbed and held him while a companion, referred to by appellant as Red, robbed him of six slot machines containing from $30 to $90, and a pistol worth $20. Robbery is defined by statute, § 2410, Crawford & Moses' Digest, as "the felonious and violent taking of any goods, money or other valuable thing from the person of another by force or intimidation; the manner of the force or the mode of intimidation is not material, further than it may show the intent of the offender." This testimony was sufficient to establish a felonious and violent taking by force. While Rutkowski testified that he was not put in fear and therefore not intimidated, it was not essential that both force and intimidation be employed by the robbers. This court has held that it is sufficient in an indictment for robbery to allege that the taking was done by violence, without alleging intimidation. *Clary v. State,* 33 Ark. 561. It was there further held that: "The words of the definition of robbery are in the alternative 'violence or putting in fear,' and it appears that if the property be taken by either of these means, against the will of the party, such taking will be sufficient to constitute robbery." The definition referred to in the above quotation is the common-law definition of robbery, but the statute makes no material change, simply substituting the word "intimidation" for the words "putting in fear."

Appellant's defense was that the property was taken with Rutkowski's consent, and therefore no robbery was committed. He so testified and said that his companion purchased the slot machines by previous arrangement. This was a disputed question of fact which the jury has settled against him.

It is also argued that, since the indictment alleged the felonious and violent taking against the will of Rutkowski by putting him in fear, and since the proof showed he was not put in fear, this constituted a fatal variance. What we have heretofore said disposes of this argument. The proof is sufficient to support a finding that the taking was felonious and violent which implies force.

No error appearing, the judgment must be affirmed. It is so ordered.