WHITE, BAKER AND WHITE *v*. STATE.

4833                                         289 S. W. 2d 900

Opinion delivered May 7, 1956.

*R. W. Laster* and *C. Van Hayes,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

SAM ROBINSON, Associate Justice. Appellants were convicted on a charge of robbery. On appeal, they say, first, that the evidence is not sufficient to sustain the charge. From the evidence, the jury could have concluded: The three appellants, along with one John Zinamon, got together in Little Rock and agreed to go out west of Little Rock for the purpose of intercepting and robbing the driver of a Goff Wholesale Grocery Company truck. The appellant, Joe Baker, furnished the automobile used to go to the scene of the crime. The appellant, Winston White, furnished the pistol and blackjack to be used in the robbery. The robbers failed to locate the Goff truck and decided to rob Mr. E. M. Brown,

who operates a small store and filling station in Saline County. The conspirators discussed in detail the method of perpetrating the crime, and it was decided that they would pretend to purchase some gasoline, and, while Mr. Brown was servicing the car, Zinamon would knock him in the head with the pistol or blackjack. In a discussion as to how hard Mr. Brown was to be struck, some were in favor of killing him, but others favored hitting him only hard enough to cause unconsciousness; those who preferred unconsciousness over killing prevailed. They executed the plan, as agreed, but although Zinamon struck Mr. Brown with his pistol twice with such force as to require ten or eleven stitches to close the wounds, Brown was not rendered unconscious; he was able to run through his store to the apartment at the rear, where he obtained a .22 rifle, and after returning to the front of the store, he shot at the robbers some fifteen times. But his wounds were bleeding profusely, the blood running down into his eyes, and he was, therefore, unable to take aim, hence none of the shots were effective. While Zinamon was beating Mr. Brown, as planned, Winston White ran into the store to get the money from the cash drawer; but when Brown, not being completely disabled, ran into the store, the robber who had entered the store became frightened and ran out without having gained entrance to the cash drawer. Therefore, the only thing obtained in the robbery was the gasoline worth $2.80. Such facts are sufficient to sustain the charge. "Robbery is the felonious and violent taking of any goods, money or other valuable thing from the person of another by force or intimidation; the manner of the force or the mode of intimidation is not material, further than it may show the intent of the offender." Ark. Stats., § 41-3601.

Appellants further contend that a pistol introduced in evidence by the State was not identified as the one used in the robbery. The pistol was found near the place where two of the defendants said it was thrown out of the car, which was at a point between the scene of the robbery and the place where two of the defendants were arrested while standing near the car used in the rob-

bery. The pistol was sufficiently identified by circumstantial evidence.

Appellants' confessions were introduced in evidence and, on appeal, they say the State did not prove the confessions to be voluntary. The question of whether the confessions were voluntary was gone into at the trial, and evidence that they were voluntary is overwhelming.

It is true that two of the defendants claim they were mistreated by the State Police at the time of the arrest. Their testimony in that respect is denied by the officers, and by Mr. Brown, who was present. The defendants showed no signs of mistreatment, and, furthermore, they were in jail in charge of the officers of Saline County at the time the confessions were made to the officers and prosecuting attorney. Appellants do not claim to have been mistreated by any one after being placed in jail. In addition to the testimony of the officers, circumstances do not indicate any kind of mistreatment.

The judgment is affirmed.