TAYLOR v. STATE.

4944                                              327 S. W. 2d 6

Opinion delivered September 7, 1959.

Roger L. Murrell & Wayne Foster, for appellant.

Bruce Bennett, Atty. General, By: Clyde Calliotte, Asst. Atty. General, for appellee.

Ed. F. McFaddin, Associate Justice. The appellant, Randolph Taylor, was tried and convicted of robbery (§ 41-3601 Ark. Stats.), and duly sentenced. His motion for new trial contains only these assignments:

"(1) That the verdict rendered is against law and/or the evidence.

"(2) That the Court misinstructed the Jury.

"(3) That evidence in favor of the defendant has been discovered subsequent to trial herein. That specific referred to improprieties cannot be effectively made until defendant has an opportunity to obtain a transcript of the trial of this cause from the Court stenographer."

*Assignment No. 1.* A study of the record discloses that the evidence was sufficient to take the case to the jury, and also to support the verdict. It was shown by the State that Tom's Liquor Store was robbed of $134.00 on the night of January 22, 1957; and the appellant was positively identified as the man who held the gun on the clerk and committed the robbery. See *Jenkins* v. *State*, 191 Ark. 507, 87 S. W. 2d 60, and *White* v. *State*, 226 Ark. 368, 289 S. W. 2d 900.

*Assignment No. 2.* The Trial Court gave five instructions requested by the State. These relate to (a) definition of robbery and punishment therefor; (b) presumption of innocence; (c) reasonable doubt; (d) credibility of witnesses; and (e) form of verdict. The appellant (defendant) offered only a general objection to these instructions; and, even assuming that the assignment in the motion for new trial was sufficient to present for consideration any question as to each instruction, still we do not find any instruction to have been inherently erroneous. See *Keith* v. *State*, 218 Ark. 174, 235 S. W. 2d 539. So this assignment is without merit.

*Assignment No. 3.* This assignment says that the defendant has newly discovered evidence: we have searched the record in vain to find anything further about such evidence except this mere statement in the motion for new trial. It is, therefore, clear that on this

matter of newly discovered evidence, the defendant has failed to comply with the statute (§ 43-2203 Ark. Stats.), or to bring himself within the purview of our cases, some of which are: *Rynes* v. *State,* 99 Ark. 121, 137 S. W. 800; and *Ary* v. *State,* 104 Ark. 212, 148 S. W. 1032.

*Additional Point Argued By The Appellant.* In his brief in this Court, appellant argues a point not contained in the motion for new trial. In *Watkins et al.* v. *State,* 222 Ark. 444, 261 S. W. 2d 274, we said:

"Under our long established rule, an error not preserved in the motion for a new trial cannot be considered by us on appeal . . . *State* v. *Neil,* 189 Ark. 324, 71 S. W. 2d 700; *Suit* v. *State,* 212 Ark. 584, 207 S. W. 2d 315."

But even if the matter argued in the brief had been carried forward in the motion for new trial, still we would hold that the appellant had failed to show error.

Affirmed.