BILLY GROSS *v.* STATE OF ARKANSAS

5209                                    412 S. W. 2d 279

Opinion delivered March 13, 1967

*Charles H. Eddy,* for appellant.

*Joe Purcell,* Attorney General; *William R. Hass,* Asst. Atty, Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Billy Gross was convicted of murder in the first degree in the Circuit Court of Conway County on March 5, 1964 and sentenced on March 19, 1964 to life imprisonment. He was charged with having killed one Frank Birch, alias Dutch Charton. No appeal was taken from that conviction and sentence. On July 9, 1965, appellant filed a pleading he designated Petition for Writ of Habeas Corpus, alleging that his conviction was void because of violation of his constitutional rights and offering newly discovered evidence. This evidence was alleged to be a statement of one Reverend Dewey Dill and wife that the deceased was alive several hours later than appellant claimed the evidence showed Birch was supposed to have died at appellant's hands.

On August 27, 1965 appellant filed a petition for writ of error "Cora Nova" (coram nobis). In this pleading he alleged error on the part of the trial court in denying a mental examination of appellant before trial, in permitting an alleged relative of the deceased to sit on the jury, the failure of his appointed attorney to subpoena certain unnamed witnesses, the denial of his right of appeal by his attorney, and new evidence, the latter being that of Reverend O. D. Dill and wife. Attached was a statement signed by Reverend O. D. Dill relating an occasion of his having seen Frank Birch alive. On Decem-

ber 7, 1965 appellant filed a motion for post-conviction hearing and review, purportedly under Criminal Procedure Rule No. 1. In addition to repeating most of the contents of his previous pleadings, appellant alleged other errors based on jury selection, separation of witnesses, admission of testimony, credibility of witnesses, misconduct of officials toward the jury, refusal by prison officials of permission to write courts, denial of counsel, and withholding of evidence by the sheriff.

Hearing on the various motions and petitions of appellant was held by the trial court on March 7, 1966 at which time the court, after hearing the testimony of O. D. Dill, Marlin Hawkins, Joe Quinn, L. M. Reid, Harry Locke and Joe Brewer, denied appellant a new trial on the ground of newly discovered evidence, that being the only ground of appellant's various motions then presented, appellant's counsel having said that the testimony of O. D. Dill was all the proof on behalf of appellant. From the order denying a new trial comes this appeal.

No evidence was offered in the trial court on any ground of appellant's motions except that of newly discovered evidence, and the brief on his behalf is also confined to this ground. Therefore, we have no basis for consideration of any other ground on this appeal.

As a motion for new trial, appellant's pleadings, being filed after the expiration of the term at which he was convicted, came too late. Ark. Stat. Ann. § 43-2202 (Repl. 1964); *Thomas* v. *State,* 136 Ark. 290, 206 S. W. 435; *State* v. *Martineau,* 149 Ark. 237, 232 S. W. 609, cert. dismissed, *Martineau* v. *State,* 257 U. S. 665, 42 S. Ct. 52, 66 L. Ed. 424. Being thus tardily filed, it might properly have been stricken out. *Delaney* v. *State,* 212 Ark. 622, 207 S. W. 2d 37.

A writ of error coram nobis does not lie to review an issue of fact or to contradict an adjudicated issue of fact. It is never a means of remedy upon the ground of newly

discovered evidence. *Howard* v. *State*, 58 Ark. 229, 24 S. W. 8. Consequently, we will consider this appeal on the motion for post-conviction relief under Criminal Procedure Rule No. 1. In doing so, we will consider appellant's contention that he was entitled to a new trial for newly discovered evidence (if indeed newly discovered evidence can actually be a proper basis under this rule). At best, we can only consider this ground for post-conviction relief on the same basis that we would consider a timely filed motion for new trial on the same ground.

Newly discovered evidence is one of the least favored grounds of a motion for new trial. See 4 Ark. Law Review 60. Such a motion is addressed to the sound legal discretion of the trial judge and an appellate court will interfere only in case of an apparent abuse of discretion or injustice to the movant. *Ward* v. *State*, 85 Ark. 179, 107 S. W. 677; *Osborne* v. *State*, 96 Ark. 400, 132 S. W. 210; *Russell* v. *State*, 97 Ark. 92, 133 S. W. 188; *Huckabee* v. *State*, 174 Ark. 859, 296 S. W. 716. One who merely states that new evidence in his favor has been discovered subsequent to his trial has failed to meet the requirements for a new trial on this basis. *Taylor* v. *State*, 230 Ark. 809, 327 S. W. 2d 6. He must show clearly that the evidence has been discovered since the trial. *White* v. *State*, 17 Ark. 404; *Reeder* v. *State*, 181 Ark. 813, 27 S. W. 2d 989; *Thurman* v. *State*, 211 Ark. 819, 204 S. W. 2d 155. Such a motion is also properly overruled if the applicant therefor does not state acts on his part which constitute reasonable diligence to discover the evidence before trial. *Ward* v. *State, supra.* He should state why he had not discovered the evidence earlier. *Young* v. *State*, 99 Ark. 407, 138 S. W. 475. In this regard, the only evidence offered was the testimony of O. D. Dill, although it is intimated in appellant's pleadings that Dill's knowledge came to the former's attention by virtue of a letter from Dill dated March 4, 1965. While Dill first testified that he had never mentioned his seeing the deceased after Birch was supposed to have been dead, he admitted on

cross-examination that he told certain named neighbors that he had seen "Dutch" alive on the morning following the time these neighbors suggested he had been killed. This conversation took place before the trial when the parties were cleaning up the house of the deceased. Dill then states that he did not have an opportunity to tell appellant's mother about this until the time of her husband's funeral, but that Mrs. Gross had already received the information from Mrs. Wilma Hall. Dill's excuse for not disclosing his information to any official or to the appellant was that because of a bleeding ulcer he did not figure he needed to be a witness. Later, on further cross-examination, Dill admitted that he was one of the closest neighbors of the deceased, that he told various neighbors that if Birch was killed on Saturday night, witness had seen him Sunday morning, that he first told a Mr. Bachman about a week later, and that *he had made the information available to appellant's mother on the same date deceased's body was discovered*. It may be that Dill was talking about the body of the father of appellant, but he might well have been talking about the body of Birch. Although Dill was a pallbearer at the elder Gross's funeral, he could place the date only as being in 1963, but could not state the day of the week, date, or month. He also placed the trial of Billy Gross as being early in 1963, although he had fixed the time that he had seen Birch alive as being on the 5th Sunday in September, 1963.

Neither appellant nor his mother testified, but his motion states that he, his attorney and his parents, on March 2, 1964 joined in a request for a mental examination of appellant, justifying the inference that he and his attorney were in communication with his mother. Mrs. Hall did not testify either, but appellant's motion alleged that Mrs. Hall had advised the sheriff of Dill's having seen Birch on the date in question before Gross's trial. After a careful review of the record we find no showing of reasonable diligence on the part of appellant to discover the evidence relied upon, or of evidence of that nature.

There are other grounds, however, upon which the trial judge in the exercise of sound judicial discretion might properly have denied appellant's motion. The mere fact that the purported evidence would be contradictory to that offered at the trial by the State is insufficient. *Osborne* v. *State*, 96 Ark. 400, 132 S. W. 210. It must also be shown that, because of the proffered evidence, a different result upon a new trial is probable. *Bixby* v. *State*, 15 Ark. 395; *Missouri Pacific Transp. Co.* v. *Priest*, 200 Ark. 613, 140 S. W. 2d 993. See 66 C.J.S., 472, New Trial, § 196 (3).

The determination of whether the application for a new trial because of newly discovered evidence is in good faith and the weight and sufficiency of the evidence in support of the motion are within the discretion of the trial judge. *Bixby* v. *State, supra*; *Arkadelphia Lumber Co.* v. *Posey*, 74 Ark. 377, 85 S. W. 1127; and see 4 Ark. Law Rev. 63; 39 Am. Jur. 197, New Trial, § 198; 66 C. J. S., 470, New Trial, § 196 (2). In order to justify the granting of a motion for new trial, the evidence in support thereof should be clear and satisfactory, and the trial court's action thereon should not be disturbed unless a manifest injustice has been done. 39 Am. Jur. 197, New Trial, § 198.

At the hearing, objection was made to the testimony of Joe Quinn and Harry Locke. Their testimony was about appellant's admissions of guilt voluntarily made to them (a deputy sheriff and state policeman, respectively) while they were transporting him to the state penitentiary immediately after he was sentenced. In order for the court to determine whether the motion was made in good faith and the probability of a different result upon a new trial, it was proper for the court to hear witnesses. It was also proper for the court to consider any evidence contradictory to that offered by appellant. Any admission of guilt on the part of appellant would certainly be in contradiction of testimony of Dill that Frank Birch was alive later than his death was supposed to have resulted from acts of appellant and

would tend to render a different result on a new trial unlikely. It would also indicate a lack of good faith on the part of appellant in making his motions. The same may be said of the admission of photographs of the deceased taken on the date Dill claimed to have seen Birch and showing the body of the deceased with clothing appearing to be in colors greatly different from those described by Dill. In *Jones* v. *State,* 224 Ark. 134, 273 S. W. 2d 534, this court affirmed the action of the trial court denying a new trial on oral testimony contradictory of evidence in support of the motion.

It would unduly extend this opinion to dwell upon other uncertainties and contradictions in the testimony of Dill, the only witness offered by appellant at the hearing. Although it was alleged that Dill's wife was along and saw Birch at the same time he did, she did not testify. There is no contradiction of the testimony of the officers as to appellant's admission of guilt.

The trial court is required to determine the issues by Criminal Procedure Rule No. 1. It was that court's opinion that the testimony of appellant's only witness would not justify a new trial. We cannot say that there was any abuse of discretion in so finding.

The order of the trial court overruling the motion is affirmed.